## LEMUEL ANDERSON

*v.*

## ELIZA FRIEND.

1. MALICIOUS PROSECUTION—*what necessary to a recovery.* To recover in an action for malicious prosecution, there must be malice on the part of the prosecutor, and a want of probable cause for believing that the accused is guilty of the offense charged. The want of probable cause is not shown by the acquittal of the accused.

2. If the prosecuting witness acts in good faith, on evidence, whether true or false, which is sufficient to create a reasonable belief of the guilt of the accused, he is protected and justified.

3. SAME—*advice of counsel.* Where the prosecutor fairly presents all the facts to a respectable practicing attorney, who, from such statement of facts, advises they are sufficient to warrant a prosecution, the prosecutor will be protected against a suit for malicious prosecution.

APPEAL from the Circuit Court of Logan county; the Hon. LYMAN LACEY, Judge, presiding.

Mr. E. LYNCH, for the appellant.

Messrs. BEASON & BLINN, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears, from this record, that appellant lost two large, fat hogs, which he supposed were stolen from his inclosure. On learning facts which led him to suppose appellee and her husband, and others, were guilty of the theft, he went to the prosecuting attorney and laid before him the evidence he supposed he had, but the prosecuting attorney advised that the evidence was not sufficient to procure a conviction. Another witness communicated to him facts which he professed to be willing to testify to, when appellant, with the witness, went to the same attorney, and the witness made his statement, whereupon the prosecuting attorney advised that the evidence was sufficient, and that a prosecution should be instituted.

Appellant then went before a justice of the peace of the

county, and procured a warrant for the arrest of appellee and her husband. They were arrested, taken before the magistrate, a hearing was had, and the justice of the peace discharged them; and thereupon appellee brought this action to recover damages for an arrest where there were no reasonable or probable grounds or cause for the arrest, and averring that it was false and malicious. Defendant filed the general issue, and a trial was had before the court and a jury, resulting in a verdict for the plaintiff. Thereupon a motion for a new trial was entered, and overruled, and judgment entered on the verdict, and defendant appeals.

To recover in this class of cases, there must be malice on the part of the person starting the prosecution, and a want of probable cause for believing that the accused is guilty of the offense charged; nor is a want of probable cause shown by the acquittal of the accused. If such were the rule, but few, if any, would dare to make any effort to enforce the criminal laws of the State. To do so, would involve the prosecuting witness, wherever the prosecution failed, in vexatious litigation and loss, and none could be expected to incur such hazards. Prosecuting witnesses must be protected where they act in good faith on facts and circumstances which are such as to induce a belief of guilt in the mind of a reasonable person. This has ever been the rule of the law. The issue, then, for the jury to try is not the guilt of the plaintiff. If the defendant acted in good faith, on evidence, whether true or false, which is sufficient to create a reasonable belief that the accused was guilty of the offense, he is protected.

It has been uniformly held that, where the prosecutor fairly presents all the facts to a respectable practicing attorney, who, from such a statement of facts, advises they are sufficient to warrant a prosecution, the prosecutor is protected against a suit for malicious prosecution, and, from the very nature of our criminal laws, it must be so, otherwise there would be no safety in originating such proceedings. But few persons outside the profession can determine, in many cases, whether the facts will justify a criminal conviction; but it is to be pre-

sumed that all respectable attorneys in full practice do know, and it is their duty to fairly and honestly advise in these as in all other cases; and if a prosecutor may not safely act upon such advice, then he has to almost guarantee a conviction when he starts a prosecution. The criminal law must be enforced, and human agencies must be employed for the purpose, and the law wisely protects all persons who in good faith act on reasonable presumptions of the guilt of the accused; and where the prosecution is commenced on the advice of respectable counsel, after fairly presenting to his consideration all the facts, and he advises that they are sufficient, it can not be held the prosecution is groundless and there is a want of probable cause.

In this case, appellant twice consulted the prosecuting attorney, and on being first advised that there was not a sufficient case, he refrained until he found other evidence. He then took the witness with him to the attorney, who, after hearing what facts he said he knew, advised the prosecution, which was then commenced. What more could appellant have done? Owing to the frequency of suits for malicious prosecutions, he probably felt and knew that he must act with prudence and circumspection, and he seems to have acted with deliberation, caution and prudence. If the advice of the attorney selected to institute and prosecute for crimes and offenses against the penal code will not protect the prosecutor, on the facts fairly stated, we should be at a loss to know what would protect him short of a conviction; but it does protect and shield him from a suit for malicious prosecution.

It is, however, urged that the witnesses were the mere tools of appellant, and it is intimated that he suborned them. We fail to find anything in the evidence to warrant the aspersion. It is true that they did not, on the examination before the justice of the peace, swear as they previously stated they would. For this, he was not, so far as the record discloses, in anywise responsible.

The instruction complained of, given for appellee, was not accurate, and it should have been qualified before it was given.

The finding is manifestly against the evidence. The judg-
ment must be reversed.

*Judgment reversed.*