A. Drumm *et al.* v. James Cessnum.

No. 10019.

1. New Trial—*duty of court to grant where verdict result of prejudice.* A verdict which is the result of prejudice should never be the basis for a judgment, but it is the duty of the court to set it aside and award a new trial.

2. Evidence — *certificate should show copies are copies of original papers, not of transcript.* Where certified copies of papers filed in a public office are offered in evidence, the certificate should show that they are copies of the original papers, and not of a transcript of them.

3. Malicious Prosecution — *what is probable cause, for court; whether facts show, for jury.* In an action for a malicious prosecution, the question as to what constitutes probable cause for an arrest is one of law for the court ; but the facts bearing on the question of probable cause are to be determined by the jury.

Error from Wabaunsee District Court. Hon. William Thomson, Judge. Opinion filed June 5, 1897. *Reversed.*

*Robert C. Heizer,* for plaintiffs in error.

*Geo. G. Cornell, M. B. Nicholson* and *Frank Herald,* for defendant in error.

ALLEN, J. This action was brought by James Cessnum against A. Drumm, A. J. Snider, and George T. Vance, to recover damages for an alleged malicious prosecution. Snider was not served with summons. The issues between the plaintiff and defendants served with summons were tried to a jury, and resulted in a verdict in favor of the plaintiff for eight thousand dollars damages. The evidence showed that Cessnum was arrested by the sheriff of Wyandotte County under a warrant issued on a complaint, sworn to by Vance, charging him with having by false pretenses obtained money from the firm of Drumm & Snider. A motion for a new trial was filed, in passing on which, it appears from the case-made that the court remarked : " That at the time the jury returned a verdict in this case the court was, and still is, of the opinion that the verdict was excessive, and that the jury was prejudiced against the defendants, or their business, and that unless the plaintiff would remit the sum of three thousand dollars of the amount of the verdict returned by the jury the court would grant a new trial in the case." The plaintiff consented to remit. The motion was thereupon overruled and judgment entered for the plaintiff for five thousand dollars and costs.

The evidence offered at the trial was conflicting ; that on the part of the plaintiff, though not very satisfactory, tended to support his claim, and that introduced by the defendant tended to establish a complete defense. There is no doubt that the plaintiff was arrested on the affidavit filed by Vance and kept in confinement eight days, nor that he was afterward

discharged.   An award of eight thousand dollars damages seems very large.   The trial judge held that it was excessive, and was of the opinion that the jury was prejudiced against the defendants or their business.   If so, there has been no fair trial of the case. For aught that can be known, if the element of prejudice had been eliminated from the minds of the jurors, they might have credited the testimony offered by the defendants rather than that on the part of the plaintiff.   We know of no rule by which the court can determine that a part of a single award of damages is excessive, and the result of prejudice, while the remainder is untainted.   If prejudice has turned the scale, the verdict should be set aside, and a new trial had before an unbiased jury.   *A. T. & S. F. Rld. Co. v. Cone*, 37 Kan. 567; *A. T. & S. F. Rld. Co. v. Dwelle*, 44 id. 394; *K. C. W. & N. Rly. Co. v. Ryan*, 49 id. 1.

As this compels a reversal of the case it is unnecessary to enter into any extended discussion of other alleged errors.   The certificate of the clerk of the district court to the copies of the papers in the case of *The State of Kansas v. James Cessnum* is somewhat defective, in that it states "the foregoing to be a full, true and correct copy of the *transcript* of the recognizance," etc.   It ought to show that they are true and correct copies of the original papers, and a correct transcript of those matters that are entered on the record.   In the instructions given, the court submitted to the jury, as a matter of fact, the question as to what constituted probable cause for the plaintiff's arrest.   Where there is no dispute as to the facts, it is well settled that it is for the court to determine, as a matter of law, whether probable cause is shown. Where the facts are disputed, it must be left to the jury to determine what the facts are, but the court should instruct what facts amount to probable cause

for an arrest and what do not. The court should summarize the claims of the parties, and state to the jury what basis of fact must exist to show probable cause, and what will sustain the claim of a want of probable cause. *Bell v. Keepers*, 37 Kan. 64; *A. T. & S. F. Rld. Co. v. Watson*, 37 id. 773; *Sweeney v. Perney*, 40 id. 102; *Wichita & Western Rld. Co. v. Quinn*, 57 id. 737; 48 Pac. Rep. 132.

The judgment is reversed and a new trial ordered.