THE ATCHISON, TOPEKA & SANTA FE RAILWAY
COMPANY v. I. A. ALLEN.

No. 13,925.   (79 Pac. 648.)

SYLLABUS BY THE COURT.

MALICIOUS PROSECUTION—*Action for Damages*—*Erroneous Instruction.*   In an action for malicious prosecution it is error to instruct the jury to decide for themselves, under all the evidence, what belief a person of ordinary caution and prudence would have entertained, from all the facts known to the defendant when he made the complaint, upon a matter which would necessarily be determinative of the question whether there was probable cause for the institution of the criminal proceeding for which the plaintiff asks damages.

Error from Marion district court; OSCAR L. MOORE, judge.   Opinion filed February 11, 1905.   Reversed.

*A. A. Hurd*, and *Alfred A. Scott*, for plaintiff in error.

*W. H. Carpenter*, for defendant in error.

The opinion of the court was delivered by

MASON, J. :   I. A. Allen was arrested upon the complaint of J. N. Harmon upon a charge of burglary. A preliminary examination resulted in his discharge. He thereupon sued the Atchison, Topeka & Santa Fe Railway Company for malicious prosecution, alleging that Harmon had been its agent and had acted in its behalf in the matter.   A trial resulted in a judgment for the plaintiff for $5000, from which the defendant prosecutes error.

It is first contended that a demurrer to the evidence should have been sustained upon the ground that it failed to show that Harmon was the agent of the defendant.   The answer, however, in effect admitted that he was the company's agent for the purpose of investigating offenses against its property and of taking the

necessary steps to have prosecutions begun in proper cases. It therefore appeared that he was an agent acting in the line of his authority, and even although he may have transgressed positive instructions his principal was bound for the consequences of his wrongful acts. (*Wheeler & Wilson Mfg Co. v. Boyce*, 36 Kan. 350, 13 Pac. 609, 59 Am. Rep. 571.)

The only other assignment of error requiring discussion relates to a feature of the instructions given. Objection is made to its consideration upon the ground that the record fails to show a sufficient exception. The case-made sets out the instructions given by the court, immediately followed by the recital : "To which instructions and each of them both plaintiff and defendant at the time asked and were allowed their exceptions." It is not stated that no other instructions were given. The defendant in error asserts that the words quoted do not show that defendant excepted to anything ; that, if so, it was to the instructions and not to the giving of the instructions ; that the time of the taking of the exception is uncertain ; and that it is too general to be effective as the basis of challenge to any particular instruction. These objections are hypercritical. A statement that a party asked and was allowed an exception to a ruling must be interpreted as meaning that he excepted to it. To except to an instruction is to except to the giving of it. The words "at the time," as here used, can in reason be held to refer only to the time of the giving of the instructions. The exception was in terms made applicable not merely to the charge as a whole, but to each instruction. As the error specified relates to the contents of instructions given, and not to an omission or refusal to instruct, it is not essential that there should be an affirmative showing that no other instructions were given.

Railway Co. v. Allen.

The contention of plaintiff in error under the assignment referred to is that the trial court in effect left it to the jury to decide what facts would authorize the conclusion that there was or was not probable cause for the arrest of Allen, instead of confining them to a determination of what the facts were under the evidence, and declaring as a matter of law that probable cause was or was not shown, according to what the facts might be found to be.   There was testimony that the railway company's depot had been broken into and a quantity of bottled whisky stolen from it; that on the next morning Allen had a bottle of whisky which from its appearance might have been a part of the stolen property, although by no means fully identified as such ; that Allen had told Harmon that he had obtained the liquor from one Ed. Kinney on the day before the burglary as part payment on an account; that he had told another person that he had obtained it after the burglary ; that what seemed to be a part of the stolen goods was afterward found in a livery-stable where Allen kept his horses ; that these matters, and perhaps also the fact that Kinney denied having furnished any liquor to Allen, were communicated to Harmon before he swore to the complaint. There were other items of evidence affecting the question of probable cause, but this statement is sufficiently full for the purposes of the present discussion. The court did not in so many words submit to the jury unreservedly the broad general question whether or not, under all the evidence, probable cause for the prosecution had been established ; but in the enumeration of the questions of fact to be passed upon in arriving at a conclusion in that regard, it included (with others of the same character), first, whether an ordinarily cautious and prudent man, having the information that came to Harmon before he instituted

the prosecution against Allen, would have believed that the liquor shown to have been in Allen's possession on the morning after the larceny was a part of the stolen property ; and second, whether an ordinarily cautious and prudent man, under the circumstances shown, would have been satisfied from Allen's statement or explanation that he came by it rightfully. The inquiry presented is whether this constituted an infraction of the rule that in actions for malicious prosecution it is for the jury to determine only what facts are proved, and for the court to say whether or not they amount to probable cause.

The courts are substantially unanimous in recognizing, theoretically at least, the existence of such a rule. (*Railroad Co. v. Smith*, 60 Kan. 4, 55 Pac. 272 ; *Drumm v. Cessnum*, 58 id. 331, 49 Pac. 78 ; 19 A. & E. Encycl. of L., 2d ed., 669 ; 33 Cent. Dig. cc. 2003–2005.) But variations in its practical application have produced a singular confusion in the authorities. For illustration, in *Heyne v. Blair*, 62 N. Y. 19, a majority of the judges say that even if there is no dispute in the evidence, if the facts shown are capable of different inferences, the question of the existence of probable cause is for the jury, adding : "Such is the rule in all questions of the like character, and there is no reason why this class of action should form an exception to the rule." On the other hand, in *Driggs v. Burton*, 44 Vt. 124, 146, it was said in a carefully considered and, as we think, a sound opinion :

"What constitutes probable cause in these actions is a question of law for the court. All inferences to be drawn from facts, undisputed or found by the jury to exist, are upon this subject inferences of law and not of fact, and are to be drawn by the court and not by the jury. This rule is peculiar to this class of ac-

tions, and has been long established, and is well founded upon sound reasons and good authority.''

The defendant in error cites *Johnson v. Miller et al.*, 69 Iowa, 562, 566, 29 N. W. 743, 58 Am. Rep. 231, in which it was said :

''When the prosecution was commenced, then, the defendants knew (1) that the property had been stolen by some person ;  (2) that by the plaintiff's own admission he had the stolen property in his possession soon after the larceny ; and (3) that he claimed to have acquired the possession of it by purchase from the man Smith.

''That the first two facts, standing alone, would have afforded probable cause for instituting the prosecution, cannot be denied ; but it is equally apparent that, if plaintiff's story in explanation of his possession of the property is true, no ground for the prosecution existed.   The question, then, whether there was probable cause depends upon whether the facts and circumstances of the transaction, as they were known and understood by the defendants, would have warranted an ordinary prudent and cautious man in the belief that plaintiff's story as to how he acquired the possession was false.

''The answer to the question depends, then, upon the conclusion or deduction which should be drawn from the numerous facts and circumstances of the case, and we think it was the province of the jury to draw that conclusion.   The court could not say, as a matter of law, that the story was so unreasonable or improbable as to be unworthy of belief.   It was properly left to the jury, and we cannot interfere with their finding.''

If this case be accepted as an authority it justifies the instructions given by the trial court ; but we do not think it consistent with the rule referred to, which ordinarily is enforced in Iowa as well as elsewhere. (See *Erb v. German American Ins. Co.*, 112 Iowa, 357, 83 N. W. 1053.)   As indicated in the quotation given,

under the circumstances there present the question whether the person arrested was guilty was narrowed down to the question whether his story as to how he came by the stolen property was false. If the circumstances warranted an ordinarily prudent and cautious person in believing that his story was untrue, then they warranted such a person in believing that he was guilty of the theft, and there was probable cause for his prosecution. (19 A. & E. Encycl. of L., 2d ed., 657, 659.) In allowing the jury to determine whether a man of ordinary prudence and caution would have believed the story told by the person accused, the court permitted them to decide whether probable cause existed for his arrest. There is an intimation in the language quoted that the case is to be distinguished from those in which it is held that the question as to what facts will constitute probable cause is one of law, upon the ground that deductions are required to be made from numerous circumstances. This consideration, however, will not serve for that purpose. If the court can declare that certain admitted or proved facts do or do not amount to probable cause only in case they are of such character that reasonable men cannot differ as to the conclusions to be drawn from them, then there is no difference in that regard between this class of cases and any other, for in any litigation where the facts are not disputed and admit of but one inference, nothing remains but for the court to declare their legal effect. But the rule referred to is peculiar to actions for malicious prosecution. It is said to be based upon "considerations of public policy, in view of the importance of not discouraging public prosecutions" (*Burton v. St. Paul, Minneapolis & Manitoba Ry. Co.*, 33 Minn. 189, 192, 22 N. W. 300), although the early English

Railway Co. v. Allen.

cases, in which it was first declared, seem to assume that a question as to what evidence affords reasonable grounds for a criminal charge is intrinsically one to be decided by a judge rather than by a jury. Its effect is to. reserve to the court the function of determining the probative effect of the matters known to the complaining witness bearing upon the guilt of the person he accuses. Under its operation it is for the jury to say what facts were known to the complaining witness, but not what conclusions a reasonable man would draw from such facts. That is exclusively the province of the court.

These considerations are determinative of the case at bar. Their force is perhaps more obvious here than in the Iowa case commented upon. Allen did not admit that he had possession of a part of the stolen liquor and attempt to explain the fact. He asserted that what liquor he had was obtained before the burglary. If his statement was true the liquor in his possession could not have been a part of the stolen property. If the liquor was a part of the stolen property the statement could not be true. Therefore, if the circumstances known to Harmon were sufficient to satisfy an ordinarily cautious and prudent man that the liquor which Allen had on the morning after the burglary was a part of that taken from the depot, they were sufficient to satisfy such a man that Allen's story as to how he came by it was untrue, and that he was guilty of the offense charged; or, in other words, they were sufficient to constitute probable cause for his prosecution. Consequently, in submitting to the jury the question whether, under all the evidence, the facts known to Harmon would have satisfied a reasonably prudent man that Allen did have some of the stolen property in his possession, and the question

whether such a man would have accepted Allen's story as true, the court in effect left it to them to determine whether, under all the evidence as they might view it, there was probable cause for Allen's arrest. This was a violation of the rule stated and requires a reversal of the judgment.

The judgment is therefore reversed, and a new trial ordered.

All the Justices concurring.