[No. 6466. Decided April 22, 1907.]

JAMES SIMMONS, *Respondent*, v. G. R. GARDNER *et al.*, *Appellants.*[1]

MALICIOUS PROSECUTION—PROBABLE CAUSE—BURDEN OF PROOF— QUESTION FOR COURT—TRIAL—DIRECTION OF VERDICT. In an action for malicious prosecution, where it appears from the undisputed evidence that the prosecutors acted upon the advice of the prosecuting attorney after making a full and truthful statement of all known facts relating to probable cause for the prosecution, it becomes the duty of the court to find probable cause as a matter of law, and to direct a verdict for the defendants; the burden of proving want of probable cause being on the plaintiff, although he was discharged.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered June 5, 1906, upon the verdict of a jury rendered in favor of the plaintiff, in an action for malicious prosecution. Reversed.

*Metcalfe & Jurey*, for appellants.

*John B. Shorett* and *George H. Revelle*, for respondent.

[1]Reported in 89 Pac. 887.

CROW, J.—Action for malicious prosecution by James Simmons, plaintiff, against G. R. Gardner and the Seattle Transfer Company, a corporation, defendants. A jury trial resulted in a verdict for the plaintiff, upon which judgment was entered. The defendants have appealed.

The Seattle Transfer Company, for some years past, has been engaged in the transfer and storage business in the city of Seattle, having numerous employees, of whom the respondent, James Simmons, was one, and the appellant G. R. Gardner another, the former being a packer of merchandise, and the latter a special detective. Early in January, 1906, the company learned that certain slot machines, which it held in storage, had been forced open and that about two thousand slugs, of the value of $10, had been taken therefrom. Shortly thereafter the appellant company, claiming it had information indicating that the slugs had been stolen by respondent Simmons and another employee named Tracy, caused the appellant Gardner to make a complaint charging them with petit larceny. A warrant was issued and they were arrested. The respondent, Simmons, was thrown into jail, where he remained for two or three days until released on bond. About ten days later, after learning that Tracy had six small children dependent on him, with no other person to care for them, appellants called upon the prosecuting attorney and asked his consent to dismiss the criminal prosecution against Tracy. They were accompanied by Tracy himself, and claim that he admitted his guilt and implicated Simmons. The appellants further stated to the prosecuting attorney that, if Tracy was released, they did not think it would be just to prosecute Simmons, and asked for his discharge also. Both defendants were then discharged with the consent of the prosecuting attorney, upon payment of costs by the appellants. The respondent Simmons, thereupon instituted this action for malicious prosecution.

The appellants contend that the trial court erred in denying their motion for a directed verdict, made at the close of

the evidence, and in support of such contention insist that
the prosecution of Simmons was upon probable cause; that
it was instituted after they had fully and truthfully stated
all facts and circumstances known to them, to their own
attorney, and also to the prosecuting attorney of King
county, both of whom advised criminal prosecution; and that
the prosecuting attorney drew the complaint upon which it
was based. While they admit the criminal prosecution and
its dismissal, they deny that it was without probable cause
or that it was malicious.

The respondent, after showing his arrest, imprisonment,
and discharge, testified that he was innocent of the charge
made, and denied that he had taken any slugs or knew of
Tracy taking any. Tracy, who testified on behalf of re-
spondent, denied that he knew of respondent taking or having
any slugs. Respondent offered evidence to show that the
appellant Gardner, accompanied by other parties, called upon
him and Tracy at the jail, and questioned them separately
as to a certain surveyor's instrument of considerable value
which was missing from the warehouse, then stating that he
cared nothing about the stolen slugs, but wanted to find the
missing instrument. This evidence was denied by Gardner
and the parties who were with him, although they admit that
he did ask about the lost instrument. It does not appear that
the appellants ever claimed that either Tracy or Simmons
had taken or stolen the instrument.

The appellants introduced evidence showing that, for some
time prior to the arrest, continued pilfering had been in prog-
ress at the warehouse; that in addition to other losses, several
slot machines had been opened and slugs taken therefrom;
that Mr. Simmons when intoxicated had said to one Arnold,
the company foreman: "Well, Arnold, old boy, you want
to watch that man Tracy"; that being asked why, he said:
"Well, old Jim ain't going to get in trouble, but I will tell
you now that there is things going on that ain't right, and
you had better watch that fellow Tracy"; that Simmons re-

fused to make any further statement; that thereafter Tracy and Simmons were frequently seen together; that they visited different saloons where Tracy played the missing slugs into the slot machines; that they drank on his winnings; that the slugs played by Tracy were of peculiar design, identical with those missed from the warehouse but not like any others known in the city; that they were afterwards taken from the machines where Tracy played them; that Tracy had been seen giving some of the slugs to Simmons, who played them in other machines; that Tracy had a key which admitted him to the warehouse where the machines were stored; that appellants had told all these facts and circumstances to their attorney and to the prosecuting attorney fully and truthfully; and that the prosecuting attorney thereupon drew the complaint and advised the prosecution.

The prosecuting attorney himself, as a witness for the appellants, confirmed these statements, detailing at length all of the information communicated to him. Witnesses were also introduced by appellants who testified that Tracy and Simmons had been seen frequently in saloons where Tracy played the slugs; that they were then drinking together; that the slugs were afterwards taken from the machines; that Tracy gave some of them to Simmons, who played them himself; that they had communicated all of this information to the appellants prior to the arrest; that Simmons and Tracy had access to the room where the machines were stored, Tracy having a key in his possession. Upon this showing, the appellants contend they were entitled to a directed verdict, and insist not only that these facts and circumstances of themselves were probable cause, but further contend that, when they had fully and truthfully detailed to the prosecuting attorney all these facts and circumstances as known to them, and were advised by him to proceed, such showing constituted probable cause preventing recovery by the respondent. It is not the policy of the law that any citizen shall be wrongfully subjected to a criminal prosecution instituted with malice and

without probable cause. It is, however, the policy of the law that, when probable cause does exist a criminal prosecution shall be instituted. In *Ball v. Rawles*, 93 Cal. 222, 228, 28 Pac. 937, the court said:

"Actions for malicious prosecution have never been favored in law, although they have always been readily upheld when the proper elements therefor have been presented. They are sustained, however, only when it is shown that the prosecution was in fact actuated by malice, and that the party instigating it had no reasonable ground for causing the prosecution. It is for the best interests of society that those who offend against the laws shall be promptly punished, and that any citizen who has good reason to believe that the law has been violated shall have the right to cause the arrest of the offender. For the purpose of protecting him in so doing, it is the established rule, that if he have reasonable grounds for his belief, and act thereon in good faith in causing the arrest, he shall not be subjected to damages merely because the accused is not convicted. This rule is founded upon grounds of public policy, in order to encourage the exposure of crime, and when the acts of the citizen in making such exposure are challenged as not being within the reason of the rule, the court, as in every other case involving considerations of public policy, must itself determine the question as a matter of law, and not leave it to the arbitrament of a jury."

Although it is conceded that the respondent was arrested at the instance of the appellants, and that he was afterwards finally discharged, the burden is on him to further show that the criminal prosecution was instituted (1) without probable cause, and (2) with malice. Both of these elements must exist as a condition precedent to a recovery by him. Want of probable cause without malice is of no avail; nor will malice of itself be sufficient if probable cause be shown. It therefore follows that if probable cause did exist in this case, the respondent can in no event recover.

The appellants insist that there can be no question but that they actually made full and truthful statements to the attorneys who advised the prosecution; that probable cause

therefore existed as a matter of law; that when the facts are not in dispute the existence or nonexistence of probable cause is a question of law for the court, which should not be submitted to the jury. It is undoubtedly the law that if any issue of fact exists, under all the evidence, as to whether the appellants did fully and truthfully communicate to the attorneys consulted all the facts and circumstances within their knowledge, then such issue of fact must be submitted to the jury with proper instructions from the court as to what will constitute probable cause, and the existence or nonexistence of probable cause must then be determined by the jury. *Voss v. Bender*, 32 Wash. 566, 73 Pac. 697. On the other hand, if it appears that the statements as to the attorneys were truthful, full, and complete, giving all material facts and circumstances within the knowledge or information of appellants, then the existence or nonexistence of probable cause becomes a question of law for the court, which should not be submitted to the jury. Newell, Malicious Prosecution, pp. 14, 278; *Levy v. Fleischner*, 12 Wash. 15, 40 Pac. 384; *McNulty v. Walker*, 64 Miss. 198, 1 South. 55; *Krause v. Bishop*, 18 S. D. 298, 100 N. W. 434; *Anderson v. Friend*, 85 Ill. 135; *Atchison Etc. R. Co. v. Smith*, 60 Kan. 4, 55 Pac. 272; *Maynard v. Sigman*, 65 Neb. 590, 91 N. W. 576; *Rogers v. Olds*, 117 Mich. 368, 75 N. W. 933.

The supreme court of Illinois, in *Anderson v. Friend, supra*, said:

"It has been uniformly held that, where the prosecutor fairly presents all the facts to a respectable practicing attorney, who, from such a statement of facts, advises they are sufficient to warrant a prosecution, the prosecutor is protected against a suit for malicious prosecution, and, from the very nature of our criminal laws, it must be so, otherwise there would be no safety in originating such proceedings. But few persons outside the profession can determine, in many cases, whether the facts will justify a criminal conviction; but it is to be presumed that all respectable attorneys in full practice do know, and it is their duty to fairly and honestly

advise in these as in all other cases; and if a prosecutor may not safely act upon such advice, then he has to almost guarantee a conviction when he starts a prosecution. The criminal law must be enforced, and human agencies must be employed for the purpose, and the law wisely protects all persons who in good faith act on reasonable presumptions of the guilt of the accused; and where the prosecution is commenced on the advice of respectable counsel, after fairly presenting to his consideration all the facts, and he advises that they are sufficient, it cannot be held the prosecution is groundless and there is a want of probable cause."

The supreme court of Michigan, in *Rogers v. Olds, supra,* said:

"Citizens must be left free to, in good faith, state to the proper officers the grounds for their belief that a crime has been committed, and that a certain person is the offender. It is true, they must have reasonable grounds for their belief, and act in good faith. This is all that the law requires. . . 'This action is strictly guarded. It is never encouraged, except in plain cases. Were it otherwise, ill consequences would ensue to the public, for no one would willingly undertake to vindicate a breach of the public law, and to discharge his duty to society, with the prospect of an annoying suit staring him in the face.' "

We are satisfied from undisputed evidence that the appellants did make full, truthful and complete statements, and that the prosecuting attorney, having all information possessed by them, advised them to proceed. The respondent, however, contends that they did not make a full and truthful statement to the prosecuting attorney; that as shown by the evidence the slugs were continually scattered about the floor of the warehouse where any employee of the company could see or obtain them; that employees did see them, and played them back in the machines, to which they belonged; that appellants did not communicate these facts to the attorneys. He also contends that, although appellants told the attorneys Simmons and Tracy had access to the room where the machines were stored, they did not tell them that some

fifty other employees had like access during business hours. The evidence does not show the appellants had any knowledge or information that slugs were scattered around as stated. Hence, they could not make any such a statement to the attorneys. It did appear that, on one occasion when the owner of the machines called at the warehouse to repair some of them, a few slugs fell on the floor while he was working, and that, in his presence and with his knowledge, some employees then present played them back into the machine from which they had fallen. As to the failure to inform the attorneys that all employees had access to the room during business hours, we fail to see how such an omission became material, or how that fact, if told, would remove suspicion from Simmons or Tracy. Simmons had been frequently seen with Tracy who had a key admitting him at all times. These and all other material facts were made known to the attorneys. No other employee was shown to have associated with Tracy under like circumstances. The question was whether probable cause existed against Simmons and Tracy. All known facts or circumstances affecting them were fully and truthfully stated. No question is raised by respondent but that truthful statements were made, except as above suggested, and the appellants' evidence stands without dispute. The facts shown, coupled with the advice given by the prosecuting attorney, constituted probable cause as a matter of law sufficient to justify the prosecution and avoid any recovery by the respondent herein.

The motion for a directed verdict should have been sustained. The judgment is reversed, and the cause remanded with instructions to dismiss the action.

HADLEY, C. J., ROOT, FULLERTON, and MOUNT, JJ., concur.