[No. 10635.   Department One.   November 22, 1912.]

IDA M. ANDERSON, *Respondent*, v. SEATTLE LIGHTING COMPANY, *Appellant*.[1]

MALICIOUS PROSECUTION—PROBABLE CAUSE—ADVICE OF COUNSEL—QUESTION FOR COURT. A gas company is not liable for a malicious prosecution of the plaintiff for stealing gas, and a nonsuit should have been directed, where it appears that its inspector was informed by two neighbors that the plaintiff was stealing gas, that he made an inspection, and discovered an unlawful connection by which gas was being used without being registered, that plaintiff admitted the existence of the connection, that the inspector truthfully communicated all the facts and circumstances within his knowledge to the prosecuting attorney, who advised and conducted the prosecution of the plaintiff; since probable cause then became a judicial question for the court, and under the facts probable cause was established.

SAME—MALICE—EVIDENCE—SUFFICIENCY. In such a case, there is no sufficient evidence of malice, where it appears that neither the inspector nor any of the defendant's officers knew the plaintiff or had any previous acquaintance with her.

Appeal from a judgment of the superior court for King county, Gay, J., entered March 27, 1912, upon the verdict of a jury rendered in favor of the plaintiff, in an action for malicious prosecution. Reversed.

*H. R. Clise* and *C. K. Poe*, for appellant.

*Will H. Merritt* and *John E. Humphries*, for respondent.

CROW, J.—This action was commenced by Ida M. Anderson against Seattle Lighting Company, to recover damages for malicious prosecution. From a judgment in her favor, defendant has appealed.

Numerous assignments of error are presented, a number of which would require a reversal, but we will only consider appellant's contention that the trial court erred in denying its motions for a directed verdict and for judgment notwithstanding the verdict. The following undisputed facts are

[1]Reported in 127 Pac. 1108.

disclosed by the evidence: The appellant is a public service corporation, engaged in the business of supplying gas for lighting and heating purposes. Respondent conducted a lodging house in Seattle which appellant supplied with gas. For many years one Victor Carson had been employed by appellant as an inspector, and at times was engaged in removing prepayment meters which had been prohibited by city ordinance. While thus engaged, he visited the house of one of respondent's neighbors, a Mrs. Cord, who protested against the removal of her meter and informed him that respondent was stealing gas. Thereupon Carson inspected respondent's premises, and discovered that appellant's service pipe had been connected with another pipe in such a manner that gas which did not pass through the meter could be used in several rooms. Respondent did not deny the discovery or existence of the unlawful connection, but told Carson she did not know of its installation, and insisted that the pipes were in the condition they were when she leased the premises. Carson then visited another neighbor, a Mrs. Rosebush, who also told him that respondent was stealing gas; that respondent's brother told her he had made the unlawful connection for respondent, and that he offered to change the pipe in Mrs. Rosebush's house so that her gas bill would be decreased as respondent's had been. Having found the unlawful connection, and believing the statements of the two neighbors, Carson reported these facts to appellant's attorneys, who advised him to present them to the prosecuting attorney. This he did in the presence of appellant's attorneys. The prosecuting attorney thereupon advised a criminal prosecution. Carson verified a complaint, respondent was arrested, trial was had before a justice of the peace, and the action was dismissed. Thereupon respondent commenced this action.

In an action for damages for malicious prosecution, the burden devolves upon the plaintiff to show, that he has been acquitted of the charge or that it has been finally dismissed;

that, at the time the prosecution was commenced, probable cause did not exist; and that the prosecution was malicious. It is undisputed that the criminal prosecution was terminated in respondent's favor, and the only questions now to be considered are whether there was probable cause for the prosecution, and whether malice on appellant's part has been shown. It may be seriously questioned on the evidence before us whether the act of Victor Carson in making the complaint was authorized or ratified by the appellant corporation; but, for the purposes of the present inquiry, we will assume his acts in that regard were the acts of the corporation, for which it might be held liable if the prosecution was malicious and without probable cause.

The rule is well settled by the great weight of authority that, when a prosecuting witness truthfully, fairly and fully presents to a competent practicing attorney all facts within his knowledge, and the attorney on consideration thereof advises a prosecution, such advice will protect the prosecuting witness from liability in an action for malicious prosecution, and that it will be held that probable cause existed. This must be so, for if a citizen who has just cause to believe, and honestly does believe, that a crime has been committed, after taking such precautions, cannot be protected from liability for damages, it would follow that a conviction would have to be guaranteed in every criminal prosecution, and that the criminal law would in many instances fail of enforcement. The criminal law should be enforced in order that peace and good order may be preserved. By reason of these considerations, actions to recover damages for criminal prosecution are not favored by the courts, although they are, and should be, sustained when want of probable cause and malice are clearly shown.

In *Simmons v. Gardner*, 46 Wash. 282, 286, 89 Pac. 887, we said:

"Although it is conceded that the respondent was arrested at the instance of the appellants, and that he was afterwards

finally discharged, the burden is on him to further show that the criminal prosecution was instituted (1) without probable cause, and (2) with malice. Both of these elements must exist as a condition precedent to a recovery by him. Want of probable cause without malice is of no avail; nor will malice of itself be sufficient if probable cause be shown. It therefore follows that if probable cause did exist in this case, the respondent can in no event recover."

In the same case we quoted with approval the following language from *Anderson v. Friend*, 85 Ill. 135, which is especially pertinent here:

"It has been uniformly held that, where the prosecutor fairly presents all the facts to a respectable practicing attorney, who, from such a statement of facts, advises they are sufficient to warrant a prosecution, the prosecutor is protected against a suit for malicious prosecution, and, from the very nature of our criminal laws, it must be so, otherwise there would be no safety in originating such proceedings. But few persons outside the profession can determine, in many cases, whether the facts will justify a criminal conviction; but it is to be presumed that all respectable attorneys in full practice do know, and it is their duty to fairly and honestly advise in these as in all other cases; and if a prosecutor may not safely act upon such advice, then he has to almost guarantee a conviction when he starts a prosecution. The criminal law must be enforced, and human agencies must be employed for the purpose, and the law wisely protects all persons who in good faith act on reasonable presumptions of the guilt of the accused; and where the prosecution is commenced on the advice of respectable counsel, after fairly presenting to his consideration all the facts, and he advises that they are sufficient, it cannot be held the prosecution is groundless and there is a want of probable cause."

If Carson truthfully communicated to appellant's attorneys and to the prosecuting attorney all facts and circumstances within his knowledge, then the issue of the existence or nonexistence of probable cause was a judicial question for the court. If, on the other hand, any issue of fact existed, under all the evidence, as to whether he did truthfully and

fully communicate all the facts to the attorneys, then such issue of fact should have been submitted to the jury with proper instructions, as to what facts would, and what facts would not, constitute probable cause. *Simmons v. Gardner, supra.*

The facts above stated were truthfully and fully communicated to the attorney by Carson. They tended to show, that gas was being used by respondent for which she was not compensating appellant; that it was being done through an existing unlawful connection, without being registered by appellant's meter; that neighbors advised Carson the gas was being stolen; that, as the result of such information, he discovered the unlawful connection, the existence of which respondent admitted, when discovered, although she then insisted that she had no knowledge of its existence. These facts were communicated to the attorneys and it would seem from such statements that appellant and the attorneys had good ground for believing the law had been violated. The attorneys were not bound to ignore the fact that respondent was using gas which did not pass through the meter, nor were they compelled to discredit the statements of appellant's trusted employees or the statements of the two neighbors who had given him the information which led to the discovery, and upon which he acted.

Respondent insists that Carson did not make a full, complete, and truthful statement, to the prosecuting attorney of all facts that had come to his knowledge, or of all information that he had obtained. In support of this contention it is insisted that Carson stated he had examined respondent's premises about one year previous to his discovery of the unlawful connection, and that no such connection then existed. There was evidence that the meter was installed in a hall upon respondent's premises, and that the unlawful connection passed through the wall to an adjoining room and to a pipe which supplied nonregistered gas to several rooms. Respondent produced witnesses who testified that the gas pipe,

not the one in the hall, but the one which passed through the rooms, was in full view where it had been continuously from the time respondent leased the premises.   They did not testify that the unlawful connection which supplied nonregistered gas had to their knowledge been located in the hall. To have so testified would have amounted to an admission that respondent was knowingly availing herself of its use. There was further evidence offered by respondent which she claims shows that Carson on a previous trial had testified that the pipe in the rooms was not there one year previous to respondent's arrest; but it is manifest that he then testified that the unlawful connection in the hall near the meter was not installed at that time.   Taking the entire evidence into consideration, it is apparent, and not successfully disputed, that Carson fairly and truthfully stated to the attorneys all facts then known to him, that he proceeded with caution, and that on the information given the prosecuting attorney advised the criminal prosecution.   Under the rule announced in *Simmons v. Gardner*, and other cases therein cited, this made the existence or nonexistence of probable cause a question of law for the court; and passing upon that question, we hold that probable cause existed, and that the appellant should be protected from liability, having acted on the advice of competent legal counsel.

We are further compelled to hold that no malice was shown.   Respondent testified that she never saw or knew Carson until he called her attention to the unlawful connection, and that she saw him but once thereafter prior to her arrest.   None of the appellant's officers knew respondent, and the record is devoid of evidence of malice on the part of Carson, or any employee of appellant.   Even though the evidence had been sufficient to make a *prima facie* showing of want of probable cause, yet in *Ton v. Stetson*, 43 Wash. 471, 86 Pac. 668, speaking of malice, we said:

"While it is true that in some cases, where the evidence is sufficient to show a want of probable cause, malice may be

inferred, it is not an invariable rule that it must necessarily be inferred. It would be a harsh rule to hold that, where the evidence was merely sufficient to make a *prima facie* showing of want of probable cause, malice must necessarily be inferred therefrom. If, in connection with the *prima facie* showing of want of probable cause, affirmative acts of the respondent had been shown disclosing the least feeling of bitterness, animosity or vindictiveness towards the appellant, then it might be that an inference of malice would be justified sufficiently to require the denial of a nonsuit. In this case there is an utter absence of any such showing. The parties were not acquainted with each other even in the slightest degree."

On the record before us we find no evidence which would sustain a finding of malice. The motions for a directed verdict and for judgment notwithstanding the verdict should have been sustained.

The judgment is reversed, and the cause remanded with instructions to dismiss.

MOUNT, C. J., CHADWICK, PARKER, and GOSE, JJ., concur.