[No. 10634.   Department One.   November 22, 1912.]

IDA M. ANDERSON, *Respondent*, v. SEATTLE LIGHTING

COMPANY, *Appellant*.[1]

APPEAL—DECISION—REMAND. Upon reversing a case for error in admitting evidence which goes only to the amount of the verdict and not to the right of recovery, and the proper amount can be determined from the record, a new trial will not be awarded, but the judgment will be modified, with costs to appellant.

Appeal from a judgment of the superior court for King county, Tallman, J., entered March 27, 1912, upon the verdict of a jury rendered in favor of the plaintiff, in an action of tort. Modified.

[1]Reported in 127 Pac. 1108.

*H. R. Clise* and *C. K. Poe*, for appellant.

*Will H. Merritt* and *John E. Humphries*, for respondent.

CHADWICK, J.—This action was brought against the appellant to recover damages alleged to have been suffered by respondent in her business as a lodging-house keeper. It is charged that defendant arbitrarily cut off her supply of gas, to her damage in the sum of $364. A verdict for $240 was returned by the jury. A review of the facts would serve no purpose. If curiosity impels, they may be found by referring to the case of *Anderson v. Seattle Lighting Co.*, ante p. 155, 127 Pac. 1108. It is enough to say that there is evidence to sustain the finding of the jury, that the gas was arbitrarily cut out of respondent's house, although the company acted under a mistake of fact. There is also testimony to sustain respondent's assertion that she was willing to pay arrearages but that appellant never fixed the amount due. Under the testimony of respondent herself, the greatest damage proved, and all that she could claim under a ruling of the court made upon the trial and under his instructions, was $50 a month. Respondent was deprived of the use of gas for seventy-one days. She is, therefore, entitled to recover $118.33.

The court allowed counsel for the respondent to bring out the fact that appellant had had respondent arrested for stealing gas. This was wrong, and must have been highly prejudicial, as evidenced by the verdict; but inasmuch as the error goes only to the amount of the verdict and not to the right of recovery, and the actual damages, if any, may be ascertained from the record, we shall not reverse the case for a new trial, but remand it with instructions to enter a judgment in favor of respondent for $118.33. Appellant will recover costs in this court.

MOUNT, C. J., CROW, PARKER, and GOSE, JJ., concur.