ROGERS v. OLDS.

MALICIOUS PROSECUTION—PROBABLE CAUSE—QUESTION FOR COURT.
In an action for malicious prosecution, where the facts are undisputed, the court must determine the question of probable cause.

Error to Wayne; Aldrich, J., presiding. Submitted February 2, 1898. Decided June 28, 1898.

Case by Grace Rogers against Charles G. Olds for malicious prosecution. From a judgment for plaintiff, defendant brings error. Reversed.

This is an action for malicious prosecution. Plaintiff recovered judgment for $400.

On the 10th of April, 1896, the plaintiff was engaged in keeping roomers in the house at No. 426 Cass avenue, in the city of Detroit, and a fire broke out about 4 o'clock in the morning of that day. The furniture in the house was insured in the Reliance Insurance Company of Philadelphia, of which company defendant, Olds, was agent. The morn-

ing after the fire, plaintiff notified defendant of her loss; and negotiations were had between plaintiff and defendant in regard to a settlement of the loss, until the 13th of April, at which time the adjuster of the company came, and on investigation it was learned that a large part of the property insured did not belong to the plaintiff, but belonged to the Detroit Picture Company; and the adjuster insisted that the policy was void for that reason, and the policy was finally delivered up to the adjuster, and the premium refunded to plaintiff.

Henry Walpole, a member of the police force in the city of Detroit, was present at the fire, and discovered kerosene oil in several parts of the house,—on the chairs, bed, and floor,—and reported these facts, after the fire, to Capt. Baker, of the police department, who detailed Charles Breault and James Connelly, two detectives of the police force, who made a full investigation of the circumstances surrounding the fire, and reported the result of their investigation to Police Justice Whelan, of the city of Detroit, who decided that a complaint ought to be made, and that the defendant, being the agent of the insurance company, was the proper person to make such complaint. The detectives several times made a full statement to Mr. Olds of the facts which they had discovered, and requested him to go to the police court and file a complaint; also informing him that the police justice had decided that a complaint ought to be made, and that he was the proper person to make the complaint. They called upon him several times before he would consent to go. Finally, Mr. Olds told the detectives that, while he did not care about doing so, if it was a matter of justice to the community he would do it. He went with the detectives to Police Justice Whelan, who told him that the case had been laid before him (Whelan) by Detectives Connelly and Breault, and asked him to sign the complaint. He then made the complaint as requested, and did nothing further in regard to the issuing of the warrant or the prosecution of plaintiff.

117 MICH.—24.

Plaintiff was arrested upon the warrant issued by Justice Whelan, and was held for an examination, which was had before Police Justice Sellers, who discharged her on the ground that, the policy being void, she could not be guilty of the offense of burning the property with intent to defraud the insurance company. After this discharge the plaintiff brought the suit in question.

*James V. D. Willcox* and *Bacon & Palmer*, for appellant.

*William P. Corbett* (*Malcolm McGregor*, of counsel), for appellee.

GRANT, C. J. (*after stating the facts*). The city of Detroit has a police and detective department, whose duty it is to investigate alleged crimes, and to see that proper criminal proceedings are instituted. A policeman was on his beat in the street opposite the plaintiff's house when the fire broke out, and was early upon the scene. He re-reported to his chief, who detailed two police officers to investigate the circumstances of the fire. They did so, and reported the facts and circumstances to Justice Whelan, who was an attorney of experience and good standing. The respondent made no investigation, but signed the complaint upon the advice of Mr. Whelan, and upon the information and belief that he was the proper person to make the complaint.

The law does not favor actions for malicious prosecution. It is essential for the protection of the public that alleged crimes be fully investigated. It must sometimes result that innocent persons will be arrested. Citizens must be left free to, in good faith, state to the proper officers the grounds for their belief that a crime has been committed, and that a certain person is the offender. It is true, they must have reasonable grounds for their belief, and act in good faith. This is all that the law requires.

" This rule is founded upon grounds of public policy, in order to encourage the exposure of crime; and when the

acts of the citizen in making such exposure are challenged as not being within the reason of the rule, the court, as in every other case involving considerations of public policy, must itself determine the question as a matter of law, and not leave it to the arbitrament of a jury." *Ball* v. *Rawles,* 93 Cal. 222, 228 (27 Am. St. Rep. 174).

"This action is strictly guarded. * * * It is never encouraged, except in plain cases. Were it otherwise, ill consequences would ensue to the public, for no one would willingly undertake to vindicate a breach of the public law, and to discharge his duty to society, with the prospect of an annoying suit staring him in the face." *Ventress* v. *Rosser,* 73 Ga. 534, 541.

See, also, the language of the supreme court of Illinois in *Harpham* v. *Whitney,* 77 Ill. 32, 39.

Three officers of the city complied with their duty to the public, and made an investigation. The facts they reported were undisputed, and showed the existence of probable cause. It is unnecessary to give them in detail. Where the facts are undisputed, the court must determine the question of probable cause.

Judgment reversed, and new trial ordered.

The other Justices concurred.