THOMAS *v.* BUSH.

1. APPEAL AND ERROR—ASSIGNMENTS OF ERROR—REVIEW.
   Assignments of error upon the admission and rejection of testimony which did not affect the controlling question, will not be reviewed in the appellate court.

2. MALICIOUS PROSECUTION—PROOF TO BE ESTABLISHED.
   In an action for malicious prosecution, three distinct propositions must be established: (1) The fact of the alleged prosecution, and that it terminated in plaintiff's favor; (2) that defendant had not probable cause; (3) that defendant acted from malicious motives.

3. SAME—PROBABLE CAUSE—EVIDENCE—QUESTION OF LAW.
   In an action for malicious prosecution, where the facts are undisputed, the want of probable cause is a question of law to be determined by the court.

4. SAME — PROBABLE CAUSE — PROOF — DEFENSES — GOOD FAITH—MALICE.
   In an action for malicious prosecution, where the prosecuting witness has in good faith fully and fairly stated all the material facts within his knowledge to the prosecuting officer, and acted upon his advice, proof of the fact establishes a case of probable cause, negativing the inference of malice.

5. SAME—PROBABLE CAUSE—EVIDENCE—DIRECTED VERDICT.
   In an action for malicious prosecution, where plaintiff, his

brother and another were arrested for the theft of a piece of hose from a water tank in defendant's farm yard, on complaint of defendant, who, after being informed of the taking of the hose and the names of the persons who took it, stated all the facts within his knowledge fully and fairly to the prosecutor, who authorized the issuance of the warrant, the fact of probable cause was established as a matter of law, although it appeared that the hose was taken by plaintiff's brother, who claimed to own it, without the knowledge of plaintiff, and the latter was discharged from custody without a trial.

6. SAME—ABUSE OF PROCESS—EVIDENCE—DIRECTED VERDICT.

In such action, where all that defendant did after the issuance of the warrant was to demand the return of the hose, which he and his tenant had paid for and believed they owned, and there was no use of the warrant to attempt to extort money or effect a settlement, there was no evidence of abuse of process, and the court was not in error in directing a verdict for defendant.

Error to Calhoun; North, J. Submitted January 24, 1918. (Docket No. 186.) Decided March 27, 1918.

Case by Stuart K. Thomas against Sumner Bush for malicious prosecution. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*James M. Powers,* for appellant.

*James Cleary* and *Joseph L. Hooper,* for appellee.

Defendant lives in Battle Creek and owns a farm of 560 acres in LeRoy township, Calhoun county. The farm is run by a Mr. Drake and his son Harry. It is operated under the firm name of A. Drake & Son. Defendant has one-half the income. On December 6, 1915, there was purchased of one Charles Lowe, in the name of A. Drake & Son, an outfit consisting of one second-hand Port Huron engine; one Plano cornhusker and sheller; one ensilage cutter with pipe; one buzz

saw; one water tank and wagon; one set of flues for engine and all belts and attachments that belong to above goods. Defendant paid one-half the purchase price and drew the bill of sale. There was nothing reserved from the above, either in the bill of sale or orally. To the water tank was attached a piece of hose. The following March the plaintiff, his brother Emerson, and a Mr. Gray stopped at the farm of defendant to get some water for the radiator of defendant's automobile; it was just getting dusk. Defendant's brother Emerson saw the piece of hose above referred to. He testifies, and there is no testimony to contradict him, that this piece of hose was given to him by the city of Battle Creek when he was oiling the streets there, and by him loaned to Mr. Lowe. He proceeded to cut the hose off the tank, put it in his brother's automobile and the party drove away. Plaintiff did not know of the taking of the hose until he saw it in the automobile. Some of the workmen at the Bush farm saw the party about the water tank, and when Mr. Drake, Jr., noticed the loss of the hose he made inquiry and received information which led him to the names of the three men in the party. He called up the defendant and informed him of the transaction. Defendant inquired if he had not better take counsel and Mr. Drake told him he thought he should. He thereupon got in communication with the prosecuting attorney and made an appointment to see him. He fully stated the circumstances to the prosecuting attorney and was advised by him to make complaint. The prosecuting attorney called up the justice and told him a warrant might issue. He also advised defendant to make a demand for the hose. Defendant made the complaint against the three accordingly and demanded the return of the hose. Emerson Thomas claimed to own it. Plaintiff was arrested upon a warrant issued on the complaint and was subsequently discharged

without a trial. He brings this action, counting in his first count for malicious prosecution, and in his second count upon the abuse of criminal process. At the close of the case the court directed a verdict for the defendant and plaintiff prosecutes this writ of error.

FELLOWS, J. (*after stating the facts*). Errors are assigned upon rulings of the trial court during the progress of the trial. As none of the testimony admitted over plaintiff's objection affects the controlling question, and as no proof offered by him was rejected which could affect it, these assignments of error become unimportant. The controlling question of whether the court properly directed a verdict for the defendant is the only one meriting consideration.

In an action for malicious prosecution three distinct propositions must be established: (1) The fact of the alleged prosecution and that it terminated in plaintiff's favor; (2) that defendant had not probable cause; (3) that he acted from malicious motives. *Hamilton* v. *Smith*, 39 Mich. 222. Plaintiff has established the first of these propositions. He insists that the third may be inferred from a want of probable cause, and that the question of probable cause was for the jury. There is no claim that defendant instituted the criminal proceedings because of any past differences between him and plaintiff, as it is undisputed that he was not acquainted with plaintiff. The case must turn upon the question of probable cause. It is the settled rule in this State that where the facts are conceded, or are undisputed, the want of probable cause is a question of law to be determined by the court. *Gilecki* v. *Dolemba*, 189 Mich. 107; *Rogers* v. *Olds*, 117 Mich. 368; *Birdsall* v. *Smith*, 158 Mich. 390; *Fleckinger* v. *Taffee*, 149 Mich. 678; *Huntington* v. *Gault*, 81 Mich. 144.

It is also equally the settled law of the State that

in actions for malicious prosecution and false imprisonment, where the prosecuting witness has in good faith fully and fairly stated all the material facts within his knowledge to the prosecuting officer and acted upon his advice, proof of the fact establishes a case of probable cause. *Smith* v. *Tolan*, 158 Mich. 89; *Rogers* v. *Olds, supra; Wakely* v. *Johnson,* 115 Mich. 285; *Huntington* v. *Gault, supra.* In the last cited case it was said:

"When the facts are undisputed, want of probable cause is purely a question of law. In this case the facts are undisputed that Gault did place all the facts before the prosecuting attorney, not only by himself, but by disinterested witnesses, and acted upon his opinion. The testimony of Gault and of the prosecuting attorney upon this point is not contradicted, and the question became one, as before said, of law, and the circuit judge should have instructed the jury that the plaintiff had failed to show that there was a want of probable cause to make the complaint. The defense that the prosecution was instituted by advice of counsel was as conclusively established as was the fact that the prosecution was instituted by defendant, or that the prosecution had terminated, and called for like instructions to the jury."

In the instant case the undisputed testimony of the defendant establishes that defendant fully and fairly stated to the prosecuting attorney all the facts, within his knowledge, surrounding the transaction. The testimony of the defendant and of the prosecuting attorney undisputedly establishes that the prosecuting attorney advised making the complaint, and instructed the justice that the warrant might issue. Not only are these facts established by the undisputed testimony, but there are no inferences or circumstances in any way casting discredit on their testimony, or imputing a want of good faith on the part of either the prosecuting attorney or the defendant. The question, therefore, became one of law for the court. Probable

cause was established by testimony introduced by defendant and there was no testimony in the case showing, or tending to show a want of probable cause.

Nor was there any evidence in the case of an abuse of criminal process. Defendant demanded the return of the hose, as he was advised to do by the prosecuting attorney, but there is no testimony that he went further; no testimony that he extorted or attempted to extort any money from the defendants in the criminal case or any of them; no evidence that he in any way used or attempted to use the warrant to procure a settlement from any of the defendants therein named; no evidence that he even mentioned the warrant to them or any of them. All that he did was to demand a return of the property he and his tenants had bought and paid for, and which he honestly believed belonged to them. If this property belonged to them defendant might undertake to recover it, but had no right to use the criminal process of the court in that undertaking. There is no evidence that he did so. The court was not in error in directing a verdict for defendant.

The judgment is affirmed.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, STONE, and KUHN, JJ., concurred.