BAKER *v.* BARACH.

1. MALICIOUS PROSECUTION—PROBABLE CAUSE—QUESTION FOR COURT.
   In action for malicious prosecution, when the facts are undisputed, the question of probable cause is a question of law to be determined by the court.

2. SAME—PROBABLE CAUSE—ADVICE OF PROSECUTING ATTORNEY.
   No recovery may be had in action for malicious prosecution where prosecuting witness has in good faith fully and fairly stated all of the material facts within his knowledge to the prosecuting attorney and acted upon his advice in signing the complaint since there is established a case of probable cause.

3. SAME—LACK OF PROBABLE CAUSE.
   A lack of probable cause on the part of the prosecuting witness is an essential element to recovery in an action for malicious prosecution.

4. SAME—PROBABLE CAUSE—ADVICE OF PROSECUTING ATTORNEY—CONFESSION OF ROBBER.
   Defendant who signed complaint against plaintiff after disclosing to prosecuting attorney all of the material facts that

---

Elements of cause of action for malicious prosecution, see 2 Restatement, Torts, §§ 653, 662.

In action for malicious prosecution, the court decides question of existence of probable cause, see 3 Restatement, Torts, § 673 (1) (c).

Necessity of impropriety of purpose in initiating criminal proceedings, see 3 Restatement, Torts, §§ 668, 669.

he knew relating to robbery perpetrated upon defendant was not liable in action for malicious prosecution where evidence shows that defendant identified robber whose confession implicated plaintiff and complaint was signed by defendant upon advice of prosecuting attorney after confession had been made.

Bushnell, McAllister, and Butzel, JJ., dissenting.

Appeal from Wayne; Toms (Robert M.), J. Submitted January 16, 1941. (Docket No. 62, Calendar No. 41,445.) Decided April 8, 1941. Rehearing denied May 21, 1941.

Case by George Baker against Philip Barach for malicious prosecution. Verdict and judgment for plaintiff. Defendant appeals. Reversed.

*Alonzo D. Pettiford,* for plaintiff.

*Frank C. Golden* and *Ellery C. Pengra,* for defendant.

Sharpe, C. J. This is an action to recover damages for malicious prosecution. From a judgment of $1,000 in favor of plaintiff, defendant appeals.

The defendant, Philip Barach, was employed by Sam Stone as a bartender in a beer garden in the city of Detroit. Plaintiff, George Baker, was also employed in the same beer garden. About 2 o'clock in the morning of July 5, 1938, the defendant, Philip Barach, was held up and robbed of more than $500 in the place of business where he worked. At the time of the robbery, plaintiff was in the building performing his duties of locking up the place for the night.

A few days after the robbery, one Anderson Perry was apprehended in connection with the robbery and was identified by Barach as the man who had held

the gun on him and taken money from him. Perry confessed to committing the robbery and implicated Baker by informing the prosecuting attorney and police officers in the presence of defendant that Baker had given him the gun with which to commit the robbery by handing it through one of the windows; and that the proceeds of the robbery had been divided between them. Upon the advice of the prosecuting attorney, defendant signed a complaint against plaintiff for robbery armed. Upon the trial of the criminal action, Perry repudiated his confession and plaintiff was acquitted.

Plaintiff thereupon brought the present action. At the close of plaintiff's case, defendant moved for a directed verdict and renewed this motion at the close of all testimony. The trial court denied the motions and submitted the cause to the jury.

In appealing, defendant contends that it was the duty of the trial court to direct a verdict in his favor as the undisputed evidence shows probable cause; and that plaintiff has failed to establish a want of probable cause.

The rule in Michigan is that when the facts are undisputed, the question of probable cause is a question of law to be determined by the court. *Rogers* v. *Olds,* 117 Mich. 368; *Thomas* v. *Bush,* 200 Mich. 224; *Clanan* v. *Nushzno,* 261 Mich. 423.

For the purpose of deciding defendant's motion made at the close of all testimony, we shall assume that there was a robbery as described by defendant. The fact that there was a robbery is not disputed by any direct testimony, nor is the fact that defendant disclosed all the material facts that he knew to the prosecuting attorney disputed. But there is evidence that defendant did not inform the prosecuting attorney prior to the issuance of the warrant for arrest of plaintiff that as the robber was leaving, after having relieved defendant of the

money, defendant saw his face and was able to identify Perry, the alleged robber, at the police station, as Perry had been in the beer garden many times and on the previous evening had been in and out of the place all evening. In our opinion, this testimony was not material.

It is also a fact that defendant signed the complaint against plaintiff only after plaintiff had been accused by Perry and upon the advice of the prosecuting attorney. We have held that where the prosecuting witness has in good faith fully and fairly stated all of the material facts within his knowledge to the prosecuting attorney and acted upon his advice in signing the complaint, a case of probable cause is established. *Smith* v. *Tolan,* 158 Mich. 89; *Swaney* v. *John Schlaff Creamery Co.,* 212 Mich. 567; *Weiden* v. *Weiden,* 246 Mich. 347; *De-Vilis* v. *Newcomb-Endicott Co.,* 264 Mich. 1. And we have held that a lack of probable cause is an essential element to recovery. *Thomas* v. *Bush,* 200 Mich. 224.

In the case at bar, defendant, who was the prosecuting witness in the criminal case, disclosed to the prosecuting attorney all of the material facts that he knew and having acted upon the advice of the prosecuting attorney in signing the complaint, we hold that a case of probable cause was established.

In the case at bar, the plaintiff's attorney has filed a brief which, in our opinion, contains matters so foreign to the issues involved, namely an attack upon men who were not witnesses in the case, that we deem it scandalous and strike it from the files.

The judgment of the circuit court is reversed, with costs to defendant.

BOYLES, CHANDLER, NORTH, and WIEST, JJ., concurred with SHARPE, C. J.

McAllister, J. (*dissenting*). The judgment of the trial court should be affirmed.

Defendant claims that he signed the warrant after hearing Perry, in the office of the prosecuting attorney, admit participation in the crime with plaintiff—and upon the advice of the prosecuting attorney.

Perry, however, was a witness on the trial of the case, and testified that after he was apprehended and taken to police headquarters, he was questioned by the police and denied knowing anything about the crime; that defendant was present at the time, and thereafter talked to him alone in a back room and told him that "we don't want you, we want nigger Baker;" that after Perry failed to "give him any satisfaction back there," he was brought into the other room and repeatedly kicked, beaten, and knocked down by a detective named Jones, until, in order to save himself from further beating, he falsely confessed that he was guilty of the holdup; that during this entire time defendant was present at the beating and knew of the circumstances under which he confessed; that later Perry was taken to the prosecutor's office, but, before going in, determined to tell the prosecutor the actual facts; was thereupon "rushed" away by the police officers; and after a talk with them agreed to stand by the false confession and implicate plaintiff. In answer to the question why he made the statement in the prosecutor's office, admitting the crime and implicating plaintiff, Perry testified:

"*Q.* Why did you make that statement?

"*A.* Well, they promised to take me out that night, and they told me they could get me any time they felt like it if I didn't say—tell the prosecutor what I told them over at headquarters, they could come and get me any time that night. They said

they were going to turn me loose. Mr. Barach said he would take care of my wife and family. He would see that they got eats.

"*Q.* You are telling the court and jury why you made the statement you did?

"*A.* Yes, sir."

Later Perry repudiated this so-called confession, and both he and the plaintiff were found not guilty on the trial of the criminal case. Under this evidence, it was for the jury to say whether there was probable cause justifying defendant in making the accusation. If they believed that Perry confessed and implicated defendant because of brutal methods used in extorting such confession; that defendant was interested in implicating Baker, and agreed to support Perry's family in return for the confession; that defendant was present and knew of the circumstances under which Perry confessed—then the jury could find that defendant did not have probable cause to sign the warrant and that his reliance upon the advice of the prosecuting attorney would not justify his making the accusation.

Claim of error is made because of certain instructions given the jury. These instructions set forth that, if the jury found no robbery had been committed, plaintiff would be entitled to recover. Defendant claims this is error because of the fact that this matter was not raised in the pleadings; that, in his answer, defendant alleged that he had been robbed, and that plaintiff made no denial of such allegations by way of reply. This, however, was not a matter that required reply, and it was not necessary for plaintiff to prove that there had been no robbery in order to recover. The issue was whether there was probable cause for the making of the accusation by defendant.

Perry testified that he did not commit the holdup. Defendant claimed that he positively identified

Perry as the robber. Baker testified that, when defendant told him of the holdup and said that the robber had left the premises by the back door, he went over to the back screen door and found that it was locked on the inside. Further, Baker said that, when defendant told him that the robber had taken the money in the place, he looked in the cigar box where the money was kept, and called defendant's attention to the fact that the money was there; but that defendant replied that the robber had taken all the *bills*.

It further appears that, although defendant knew Perry as a regular customer of the place and positively identified him without hesitation as the robber when he was apprehended by the police, he never told the police that Perry was the robber until he was arrested many days after the alleged crime. And, as above-mentioned, Perry was found not guilty on his trial for the robbery. These facts bear upon the question of probable cause, and the jury had the right to consider, under the circumstances, whether a robbery had actually been committed, as bearing upon such defense of probable cause. There was no error in the instructions of which complaint is made.

Plaintiff argues that he is entitled to have the verdict of the jury tripled in the judgment in accordance with 3 Comp. Laws 1929, § 14454 (Stat. Ann. § 27.1354). Such claim is made in the claim of cross appeal, and sets forth that, in effect, plaintiff's counsel was asked by the trial court if he waived tripled damages and replied that he would do so if defendant did not appeal; and that such waiver was only contingent. However, there is nothing further in the record to substantiate such claim. In view of the fact that no statement of reasons and grounds of cross appeal was filed, and the statement of questions involved of neither party raised the ques-

tion, it is unnecessary to consider it in our determination.

Judgment should be affirmed, with costs to plaintiff.

BUSHNELL and BUTZEL, JJ., concurred with McALLISTER, J.