## MODLA *v.* MILLER.

1. MALICIOUS PROSECUTION—PROBABLE CAUSE.

   Defendants in action for malicious prosecution established a case of probable cause barring plaintiff's right to recover, where they had in good faith fully and fairly stated all of the material facts within their knowledge to the prosecuting attorney and signed the complaint on the latter's advice.

2. SAME—PROBABLE CAUSE—DIRECTED VERDICT—EVIDENCE.

   A verdict should be directed for defendant in an action for malicious prosecution when the undisputed facts or all the testimony, construed in the light most favorable to plaintiff, fail to show want of probable cause on part of defendant.

3. SAME—WANT OF PROBABLE CAUSE—ATTEMPTED ARSON—EVIDENCE.

   Plaintiff in action for malicious prosecution because of charge of attempted arson failed to show a want of probable cause on defendants' part or misdescription of the building, where evidence showed that plaintiff had placed burning paper next to a wooden lean-to of defendants' building in which empty beer and pop cases, cartons and paper were stored and stated he was going to blow the place out, such facts were related to an assistant prosecuting attorney and an investigation was made by the sheriff's office and substantiated defendants' statements to the prosecutor.

Appeal from Wayne; Toms (Robert M.), J. Submitted October 5, 1955. (Docket No. 20, Calendar No. 46,551.) Decided December 1, 1955.

REFERENCES FOR POINTS IN HEADNOTES

[1] 34 Am Jur, Malicious Prosecution § 46 *et seq.*
[2] 34 Am Jur, Malicious Prosecution § 158.
[3] 34 Am Jur, Malicious Prosecution § 140 *et seq.*

Case by Steve Modla against Margaret Crist Miller and Harold Godin for malicious prosecution. Directed verdict and judgment for defendants. Motion for new trial denied. Plaintiff appeals. Affirmed.

*Alex Conrad,* for plaintiff.

*Carroll & Gallagher,* for defendants.

DETHMERS, J. Plaintiff appeals from a directed verdict of no cause for action in his suit for malicious prosecution for attempted arson. Essential to his right to recover is want on defendants' part of probable cause to believe him guilty of the offense charged when they initiated the prosecution. *Thomas* v. *Bush,* 200 Mich 224. When a defendant in a case of malicious prosecution has in good faith fully and fairly stated all of the material facts within his knowledge to the prosecuting attorney and signed the complaint on the latter's advice, a case of probable cause is established, barring plaintiff's right to recover. *Thomas* v. *Bush, supra; Baker* v. *Barach,* 297 Mich 219. When the facts are undisputed, want of probable cause is a question of law to be determined by the court. *Thomas* v. *Bush, supra; Baker* v. *Barach, supra.* When the undisputed facts or all the testimony, construed in the light most favorable to plaintiff, fail to show want of probable cause a verdict for defendant should be directed. *Clanan* v. *Nushzno,* 261 Mich 423.

In the instant case the testimony, after disclosing a long record of trouble between plaintiff and one of defendants, established that defendant Miller owned, and defendant Godin leased from her, a cement block building, attached to which was a wooden lean-to 36 feet long and 5 feet wide in which empty beer and pop cases, cartons and paper were stored. Plaintiff operated a gasoline station next door. A passer-by

testified that he saw plaintiff place burning paper against the wooden lean-to and heard him say, "Look out! Get out! I'm going to blow this place out." The witness further testified that he thereupon ran to defendant Miller and told her all this and that plaintiff "run away right away like lightning." Defendant Miller told defendant Godin about the occurrence and they went to the office of the prosecuting attorney and discussed the matter with an assistant there. He caused an investigation to be made by the sheriff's department and testified on trial that defendants had told him nothing that he did not later learn to be true from the sheriff's report. After receipt of that report the assistant prosecuting attorney told defendants to go to the municipal court to sign a complaint, which defendant Miller did. A warrant issued, plaintiff was arrested, the case was set for trial and, after a number of adjournments, it was dismissed because of defendants' failure to appear at the final adjourned date.

Plaintiff contends that the court erred in directing a verdict, first, because defendants could not reasonably have believed that plaintiff, by his above-described acts, was attempting to set fire to the building when they knew it was of cement block construction, and, second, because defendants did not fully and fairly disclose to the assistant prosecuting attorney that the building was of such construction. These contentions are without merit in view of testimony that the fire was attempted to be set to the wooden lean-to containing cartons and papers and covered, as was the building proper, with a wood and tar roof, and of undisputed testimony that the passer-by related this as a fact to defendant Miller, and of the fact that the complaint was not taken nor the warrant issued until after sheriff's officers had interviewed witnesses, examined the premises, and reported with respect thereto to the prosecuting

attorney, and that on that basis the complaint and warrant were prepared, which described the building in question as being of cement block construction. From all this it is clear that the prosecution of plaintiff did not result from defendants having misinformed the prosecuting attorney, the magistrate or the sheriff's officers concerning the construction of the building, and, further, that plaintiff failed to show want of probable cause on defendants' part to believe that plaintiff was guilty as charged.

Affirmed, with costs to defendants.

CARR, C. J., and BUTZEL, SMITH, SHARPE, BOYLES, REID, and KELLY, JJ., concurred.