GOOCH *v.* WACHOWIAK.

1. MALICIOUS PROSECUTION—FALSE IMPRISONMENT—WANT OF PROB-
ABLE CAUSE.

A want of probable cause, on the part of a defendant in an
action for malicious prosecution and false imprisonment, to
believe plaintiff guilty of the offense charged and for which
he had been held in jail, is essential to plaintiff's right to
recover.

2. SAME—FALSE IMPRISONMENT—PROBABLE CAUSE—PROSECUTING AT-
TORNEY.

A defendant in an action for malicious prosecution and false
imprisonment, who had in good faith fully and fairly stated
all of the material facts within his knowledge to the prosecuting
attorney and signed the complaint on the latter's advice, estab-
lished probable cause barring recovery by plaintiff.

3. SAME — FALSE IMPRISONMENT — UNDISPUTED FACTS — PROBABLE
CAUSE.

The want of probable cause is a question of law to be determined
by the court in an action for malicious prosecution, and false
imprisonment, when the facts are undisputed.

4. SAME—FALSE IMPRISONMENT—PROBABLE CAUSE—EVIDENCE.

Verdict for defendant should be directed in an action for mali-
cious prosecution and false imprisonment, when the undisputed
facts or all the testimony, construed in the light most favorable
to plaintiff, fail to show want of probable cause.

REFERENCES FOR POINTS IN HEADNOTES
[1] 22 Am Jur, False Imprisonment § 28; 34 Am Jur, Malicious
Prosecution § 46.
[2] 34 Am Jur, Malicious Prosecution § 48.
[2, 5] 34 Am Jur, Malicious Prosecution § 49.
[2, 7] 34 Am Jur, Malicious Prosecution § 72.
[3] 34 Am Jur, Malicious Prosecution § 161.
[4, 8] 34 Am Jur, Malicious Prosecution § 158.
[6] 34 Am Jur, Malicious Prosecution § 50.

5. SAME—PROBABLE CAUSE—REASONABLE GROUND OF SUSPICION.

    To constitute probable cause, there must be such reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant an ordinarily cautious man in the belief that the person arrested is guilty of the offense charged.

6. SAME—PROBABLE CAUSE—RELIABLE INFORMATION.

    A person may have "probable cause" for making a criminal complaint from information received from others, which he honestly believes to be true, and of such a character, and obtained from such sources, that businessmen generally, of ordinary care, prudence, and discretion, would act upon it under such circumstances, believing it to be reliable.

7. SAME — FALSE IMPRISONMENT — PROSECUTING ATTORNEY — INDEPENDENT INVESTIGATION—COMPLAINT.

    No liability for malicious prosecution or false imprisonment attaches by reason of signing a complaint prepared on an independent investigation by the prosecuting attorney.

8. SAME — FALSE IMPRISONMENT — DIRECTED VERDICT — PROBABLE CAUSE—ATTEMPT TO PASS FORGED CHECK—EVIDENCE.

    A verdict was properly directed for defendant, an officer of company whose forged check was attempted to be cashed, where evidence shows that when defendant signed the complaint against plaintiff that defendant knew a block of the company's checks was missing from the storeroom to which plaintiff had access, that plaintiff and accomplices had had blank checks in an automobile, that one of the accomplices had presented one of the company's checks, forged, for cashing at a store and had told officers that plaintiff had given it to him, that specimens of plaintiff's handwriting were similar to those on the check in the opinion of defendant and of a detective and the prosecuting attorney had conducted an independent investigation, not participated in by defendant, and had authorized and recommended the issuance of a warrant and told defendant to sign the complaint.

Appeal from Wayne; Noe (Alton H.), J., presiding. Submitted January 16, 1958. (Docket No. 64, Calendar No. 47,215.) Decided April 15, 1958.

Case by Burl Gooch against Max M. Wachowiak for malicious prosecution and false imprisonment.

Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Dee Edwards,* for plaintiff.

*Charles A. Bryan,* for defendant.

DETHMERS, C. J. This is a suit for damages for malicious prosecution and false imprisonment. At the close of plaintiff's proofs the court directed a verdict for defendant and plaintiff appeals.

At 3:50 p.m. on the date in question one Courtney Spencer tried to cash a forged Wall Wire Products pay-roll check in a Kroger store. The cashier sent it to the manager for approval. He called the Wall Wire Company where it was discovered that a block of 250 blank checks was missing from the storeroom and the Kroger manager was so informed. He then called police, who arrived at the store at 3:58 p.m. and arrested Spencer. Defendant was an officer of the Wall Wire Company. Later that day he was told by a police detective that Spencer had admitted his guilt and had implicated plaintiff and another, both of whom were Wall Wire Company employees who had had access to the storeroom where the missing checks had been kept, and that Spencer had stated that they had given him the check at the Kroger store parking lot for the purpose of going into the store to cash it. The detective also told defendant that the 3 men had had blank checks in an automobile. Plaintiff was taken into custody that same evening. A few days later, at the detective's request, defendant took from company records specimens of plaintiff's handwriting and delivered them to the sheriff's office for comparison with the handwriting on the forged check. At that time and at the direction of the detective, plaintiff wrote the name "Bill Smith" several times and the detective

compared the same with the signature "Bill Smith" on the check in question and both the detective and defendant thought the signatures similar. After that the detective took plaintiff and Spencer to the office of the prosecuting attorney where Spencer gave a statement in plaintiff's presence. The prosecuting attorney then authorized and recommended issuance of a warrant for plaintiff and his 2 alleged accomplices. The detective then called defendant and told him to appear at the office of the justice of the peace for the purpose of signing a criminal complaint. At that office the defendant was shown the prosecuting attorney's recommendation for a warrant and told by the detective that the case necessitated his signing a criminal complaint. The above facts, in substance, constitute the information defendant had received when he signed the complaint. A warrant issued on which plaintiff was held in jail until the preliminary examination, at which he was discharged.

Plaintiff says that the court erred in directing a verdict for defendant and that a case was made for the jury by a showing that the plaintiff had been discharged at the preliminary examination, that he had enjoyed a good character and reputation previously, which defendant knew and failed to tell the prosecuting authorities, and that the time element was such, after plaintiff's leaving work at the Wall Wire Company at 3:30 p.m., standing in line to punch out at the time clock and to receive his pay check, walking 2 blocks to a parking lot and driving from 1 to 2 miles to the Kroger store, all before 3:50 p.m., that defendant could not have had probable cause to believe plaintiff guilty of the offense as claimed by Courtney Spencer. Touching on malice, plaintiff stresses that after his arrest he was discharged from his job and not rehired after his release on preliminary examination. Plaintiff also contends that de-

fendant had no right to rely on information and advice received from the detective.

In *Modla* v. *Miller*, 344 Mich 21, 22, we said:

"Essential to his right to recover is want on defendants' part of probable cause to believe him guilty of the offense charged when they initiated the prosecution. *Thomas* v. *Bush*, 200 Mich 224. When a defendant in a case of malicious prosecution has in good faith fully and fairly stated all of the material facts within his knowledge to the prosecuting attorney and signed the complaint on the latter's advice, a case of probable cause is established, barring plaintiff's right to recover. *Thomas* v. *Bush, supra; Baker* v. *Barach*, 297 Mich 219. When the facts are undisputed, want of probable cause is a question of law to be determined by the court. *Thomas* v. *Bush, supra; Baker* v. *Barach, supra.* When the undisputed facts or all the testimony, construed in the light most favorable to plaintiff, fail to show want of probable cause a verdict for defendant should be directed. *Clanan* v. *Nushzno*, 261 Mich 423."

There is no dispute as to the facts available to defendant and on which he relied when he signed the complaint. Accordingly, the want of probable cause on his part was a question of law for the court and the court was correct in undertaking to determine it. *Thomas* v. *Bush*, 200 Mich 224; *Modla* v. *Miller, supra; Merriam* v. *Continental Motors Corporation*, 339 Mich 546. In *Thomas* v. *Winters*, 258 Mich 429, 432, we said:

"As to what is probable cause, we quote syllabi of *Wilson* v. *Bowen*, 64 Mich 133:

" 'To constitute probable cause, there must be such reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant an ordinarily cautious man in the belief that the person arrested is guilty of the offense charged.

" 'A person may have "probable cause" for making a criminal complaint from information received from others, which he honestly believes to be true, and of such a character, and obtained from such sources, that business men generally, of ordinary care, prudence, and discretion, would act upon it under such circumstances, believing it to be reliable.'

"We think an ordinarily cautious man, under the circumstances above set forth, being requested, if not directed, by officers of the law to make complaint, knowing they had had the matter under investigation and being told by them that the car had been stolen, and that they knew where it was and who had stolen it, would sign complaint. We think defendants had probable cause."

See, also, *Merriam v. Continental Motors Corporation, supra,* for applicable tests with respect to malice, probable cause, and direction of verdict in cases of conceded or undisputed facts.

In 54 CJS, Malicious Prosecution, § 14, p 967, it is stated:

"No liability, as for malicious prosecution, attaches merely by reason of testifying as a witness for the prosecution, or *by reason of the fact that one's name was* indorsed on an indictment or *signed to* an information or *complaint prepared on an independent investigation by the prosecutor.*"

In *Tryon v. Pingree,* 112 Mich 338, 345 (37 ALR 222, 67 Am St Rep 398), this Court said:

"Whether the charge was well- or ill-founded is another question. The warrant was sufficient to charge a most flagrant case, and being, in our opinion, good upon its face, the plaintiff's remedy then, if he had been wronged, was confined to an action for malicious arrest or prosecution, and the trial court did not err in directing a verdict for the defendant upon the count for *false imprisonment.*"

In the case at bar defendant did not initiate the criminal prosecution. The manager of the Kroger store called the police, they made an investigation, arrested plaintiff and brought him before the prosecuting attorney who, on the basis of police investigation, recommended a warrant, and the authorities then told defendant to sign the complaint. The warrant which thereafter issued was good upon its face. In connection with his claim of false imprisonment, plaintiff contends that the warrant was void and the justice of the peace without jurisdiction to issue it because it was based on a complaint signed by defendant, who lacked firsthand knowledge of the facts therein alleged. To the contrary are *People* v. *Lynch,* 29 Mich 274, and *People* v. *Mosley,* 338 Mich 559, and cases therein cited.

Defendant knew that the block of checks was missing from the storeroom, that plaintiff had had access to that room, that plaintiff and his alleged accomplices had had blank checks in an automobile, that Spencer had presented one of the company's checks, forged, for cashing at the Kroger store and had told the officers that plaintiff had given it to him for that purpose at the Kroger parking lot, that specimens of plaintiff's handwriting were similar to those on the check, not only in his own opinion, but also that of the detective, that the prosecuting attorney, on the basis of independent investigation in which defendant had had no part, had authorized and recommended the issuance of a warrant, and that the detective, after investigation, told him to go to the office of the justice of the peace to sign a complaint because the case necessitated that such action be taken. The time element did not necessarily rule out the possibility of plaintiff's having committed the offense as claimed by Spencer. Under such undisputed facts and the applicable tests referred to above, we think that plaintiff cannot be said to have

made out a case for the jury with respect to want of probable cause or malice on defendant's part or of false imprisonment on a void warrant, and that, the facts with respect thereto being undisputed, the court properly directed a verdict for defendant.

Affirmed, with costs to defendant.

Carr, Kelly, Smith, Black, Edwards, Voelker, and Kavanagh, JJ., concurred.