DROBCZYK *v.* GREAT LAKES STEEL CORPORATION.

1. MALICIOUS PROSECUTION—WANT OF PROBABLE CAUSE—EVIDENCE.

The fact that the jury in prosecution of plaintiff for larceny failed to find beyond a reasonable doubt that he was guilty of the offense charged against him is not evidence in later action for malicious prosecution of want of probable cause for the institution of the prosecution.

2. SAME—PROBABLE CAUSE.

There is probable cause, as the term is used in actions for malicious prosecution, where the information possessed by the defendant is believed and is such and from such sources that the generality of businessmen of ordinary care, prudence, and discretion would prosecute upon it under the same conditions.

3. SAME—TERMINATION OF CRIMINAL PROSECUTION—WANT OF PROBABLE CAUSE—MALICE—INFERENCES.

It is essential to the establishment of an action for malicious prosecution that plaintiff show the fact of the alleged prosecution, that it has come to a legal termination in his favor, that defendant had no probable cause for instituting the prosecution, and that he acted from malicious motives; and while malice may be inferred from a want of probable cause, want of probable cause may not be inferred from malice.

4. SAME—PROBABLE CAUSE—EVIDENCE.

Evidence adduced in action for malicious prosecution of plaintiff for alleged larceny of a copper cooler *held*, to show, as a matter of law, probable cause for such prosecution, where the cooler was on his truck on defendant's premises where plaintiff had no right to be an hour before he normally started to work, description of load on his truck was falsified to gate-

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 34 Am Jur, Malicious Prosecution § 58.
Acquittal, discharge, or discontinuance of criminal charge as evidence of want of probable cause in malicious prosecution action. 59 ALR2d 1413.
[2] 34 Am Jur, Malicious Prosecution §§ 6, 121, 122.
[5] 34 Am Jur, Malicious Prosecution § 161.

keeper and he had no pass to leave the premises as he knew was necessary, prosecution was not instituted until after thorough investigation by defendant's plant protection personnel and by public police officers and prosecutor's office, and the examining magistrate bound plaintiff over for trial.

5. SAME—WANT OF PROBABLE CAUSE—UNDISPUTED FACTS—QUESTION FOR COURT.

The question of whether the plaintiff had sustained his burden of proof of want of probable cause was a question of law for the court, where there was no dispute as to the material facts in the case.

Appeal from Wayne; Rashid (Joseph G.), J. Submitted June 8, 1962. (Docket No. 30, Calendar No. 49,179.) Decided September 7, 1962. Rehearing denied November 5, 1962.

Case by Stanley Drobczyk against Great Lakes Steel Corporation, a foreign corporation, for malicious prosecution. Judgment for defendant *non obstante veredicto.* Plaintiff appeals. Affirmed.

*Kenneth J. Logan* and *John H. Huchla, Jr.,* for plaintiff.

*Kirby Wilson, Jr.,* and *Kirby Wilson, III (David Gooze,* of counsel), for defendant.

CARR, C. J. This is an action for damages for alleged malicious prosecution. Plaintiff was prosecuted for larceny of a large copper cooler, referred to in the record as a tuyere, the complaint being signed by John Davis, defendant's plant protection chief. Davis was joined as a party defendant in the instant case but on stipulation the action was dismissed as to him. Following his arrest plaintiff was given a preliminary examination and was bound over to the circuit court for trial. The jury acquitted him, and this suit has resulted.

In circuit court the jury returned a verdict for $20,000 in favor of the plaintiff. Defendant filed motion for judgment notwithstanding the verdict which motion was granted, the trial judge concluding that plaintiff had failed to show want of probable cause for the prosecution brought against him and also that defendant and its employees had relied on the conclusions of the police department of the city of River Rouge, following an investigation of the case by a member of said department, and on the action of the prosecutor's office in authorizing the issuance of a warrant for plaintiff's arrest following a careful investigation of the case and a report by an experienced detective of the department having the matter in charge. From the judgment entered in defendant's favor plaintiff has appealed, claiming that the trial judge was in error in granting the motion notwithstanding the verdict.

The facts in the case are not materially in dispute. For approximately a year prior to September 6, 1957, plaintiff was engaged in hauling with his truck materials for Edward C. Levy Company, which apparently was working for defendant at its plant on Zug island, situated within the city of River Rouge. Ordinarily his day's work began at 8 o'clock in the morning. On the date in question he was observed approximately an hour before that time in a claimed forbidden area of the premises, and was later seen with the copper cooler in his truck. Under plant rules obtaining at the time material could not be removed from the premises except on presentation of a pass to the keeper of the gate at which exit was sought. It appears that the gatekeeper approached by plaintiff in his truck had been advised as to the prior observations of other employees, and, no pass being presented, the truck with its load was not allowed to leave the premises.

In subsequent conversations with defendant's plant protection chief, and a representative of his own employer, throughout the investigation, and also on the subsequent trial, it was the claim of plaintiff that when he entered the grounds of the defendant on the morning in question he was approached by 3 men who asked him to use his truck for transporting the copper cooler to a warehouse located outside of the grounds, that these men told plaintiff that they had a pass to go through the gate, and that he undertook to comply with their request. The cooler was placed on the truck, and it would appear from plaintiff's statements that 2 of the men then disappeared while a third climbed into the truck cab with him. As they approached the gate the individual referred to requested that plaintiff turn around or go to another gate. Such request was not complied with.

On the query of the gatekeeper as to what the truck contained, either plaintiff or the individual with him answered, "dirt." During the conversation plaintiff's passenger alighted from the truck and fled the scene. Subsequently plaintiff was taken to the police department of the city by a representative of his own employer. The situation was discussed at some length. Plaintiff's son was called to the station to participate in the proceeding, and thereafter Detective Balaze of the department conducted a careful investigation, interviewing a number of persons and taking notes on which he based a report to the prosecutor's office.

In questioning plaintiff it was sought to obtain the names of the individuals that had participated in placing the tuyere on the truck, but such information was not forthcoming. There was no claim on plaintiff's part that he sought at the time to find out who the men were that were interested in transporting the cooler from the plant grounds, that he sought any information from them as to their employment,

or for whom they were acting in seeking removal of the property. Plaintiff requested that he be given an opportunity to try to locate and identify the parties that he claimed employed him, and was granted approximately a week for that purpose. There were, however, no results.

Following the investigation made by Detective Balaze his report was submitted to the prosecutor's office and, as before noted, the issuance of a warrant was authorized. Davis was then informed as to such action and advised that a complaint would be prepared for his signature. Accordingly Davis went either to the police department or the prosecutor's office and signed such complaint. The warrant issued and the prosecution followed.

The principal question at issue on this appeal is whether plaintiff by his proofs established a want of probable cause for the act of defendant's representative in signing the complaint. The fact that the jury failed to find beyond a reasonable doubt that plaintiff was guilty of the offense charged against him is not evidence of want of probable cause for the institution of the prosecution. In the case of *Hamilton* v. *Smith,* 39 Mich 222, 226, it was said:

"As lawful grounds may exist to justify a party in setting the criminal law in motion, although it turned out that no offense has been committed, or if committed, not by the accused, so it follows that what is probable cause is not contingent upon the fact of the guilt of the accused. This is evident. The law itself ordains that prosecution shall be the method for solving the question whether one has committed crime or not, and as prosecution is therefore a necessary antecedent, the law would violate common sense and destroy itself if it were to say that the act of prosecuting must yet wait for knowledge of the guilt of the suspected party.

"In case the information possessed is believed and is such and from such sources that the generality of business men of ordinary 'care, prudence, and discretion' would prosecute upon it under the same conditions, there is probable cause. *Gallaway* v. *Burr,* 32 Mich 332; *Fagnan* v. *Knox,* 66 NY 525; *Heyne* v. *Blair,* 62 NY 19; *Bacon* v. *Towne,* 4 Cush (58 Mass) 217; *Wheeler* v. *Nesbitt,* 24 How (65 US) 544 (16 L ed 765)."

Likewise, in *Clanan* v. *Nusheno,* 261 Mich 423, 432, the general rule in this respect was summarized as follows:

"But probable cause does not depend upon guilt. An accused party may be innocent of the crime charged against him, and yet there may exist probable cause for his arrest. In actions for malicious prosecution, guilt is a complete but not a necessary defense. It is sufficient if the one who complains has knowledge of facts sufficient to create a belief of guilt in the mind of a reasonable and ordinarily cautious man."

In *Weiden* v. *Weiden,* 246 Mich 347, 352, the Court, tersely indicated the burden of proof resting on the plaintiff in a case of this kind, as follows:

"In actions for malicious prosecution 3 propositions must be established: (1) The fact of the alleged prosecution and that it has come to a legal termination in plaintiff's favor; (2) that the defendant had no probable cause; (3) that he acted from malicious motives. *Thomas* v. *Bush,* 200 Mich 224. It is a recognized rule that malice may be inferred from want of probable cause, but this is not a rule that works both ways. Want of probable cause may not be inferred from malice."

On behalf of defendant it is claimed that its employees, including Davis, acted in good faith and that the facts known to Davis were such as to justify him as a reasonably prudent man in believing that

plaintiff was a party to the larceny of the copper cooler. Emphasis is placed on the fact that plaintiff's truck was seen parked in a forbidden area on defendant's premises shortly after 7 o'clock in the morning. As before stated, under his arrangement with his employer, plaintiff was supposed to start his day's work at 8 o'clock. The copper water cooler in question, it is said, weighed approximately 600 pounds. It was loaded on the truck by 3 men. Plaintiff asserts that he did not help to load it but he does not deny that he knew the nature of the load. According to his statements he did not know any of the men, nor did he seek to find out who they were or for whom they worked, if anyone. He knew of the regulation forbidding the removal of property from the grounds without a pass, but did not seek to verify the claim of the men, who were, as he claimed, absolute strangers to him, that they had a pass. The nature of the load, the hour of the day, and all the other circumstances of the situation should have prompted plaintiff to take at least some steps to ascertain the purpose of the removal. Plaintiff must have realized, when his passenger in the truck requested as they approached the gate that he turn around, that there was something wrong. Plaintiff also knew that the answer given to the gatekeeper as to the load on the truck, either by himself or by his passenger, was false.

It is apparent that hasty action was not taken in instituting the prosecution. There was a careful investigation and a report by an experienced detective as to the results thereof. The prosecutor's office obviously felt that the issuance of a warrant was justified, and the magistrate conducting the preliminary examination must have concluded that the proofs with reference to the facts and circumstances of the case were such as to furnish a proper basis for binding plaintiff over to circuit court for trial.

We are in accord with the finding of the circuit judge, who had the advantage of seeing the witnesses and listening to their testimony on the trial, to the effect that plaintiff did not sustain the burden of proof of establishing that defendant's representative acted without probable cause to believe that larceny had been committed and that plaintiff was guilty thereof. We also agree with the judge's finding that Davis signed the warrant in question in reliance on his knowledge of the facts, including facts that developed as a result of the investigation by Detective Balaze, the position of the police department of River Rouge, and the action of the prosecutor's office in authorizing the warrant. Such authorization was given on the basis of the report of Detective Balaze. It does not appear that any prosecution would have been instituted against plaintiff in the absence of such action on the part of the police department and the prosecuting attorney of the county. It is somewhat significant that the jury in answering certain special questions submitted by the trial judge determined that the defendant did not conceal any material facts from the police or prosecutor which would have had a bearing upon plaintiff's innocence. It will be noted that defendant does not claim that affirmative advice was given but, rather, that its representative had a right to rely, and did in good faith rely, on the *action* of the police department and the prosecutor's office.

The order of the trial court in granting the motion for judgment notwithstanding the verdict finds support in the following recent decisions: *Merriam* v. *Continental Motors Corporation,* 339 Mich 546; *Modla* v. *Miller,* 344 Mich 21; and *Gooch* v. *Wachowiak,* 352 Mich 347. Inasmuch as there was no dispute as to the material facts in the case the question whether plaintiff had sustained the burden of proof on the issue of want of probable cause was a question

of law for the court. *Thomas* v. *Bush,* 200 Mich 224, 227.

The judgment is affirmed.

Dethmers, Kelly, Black, Kavanagh, Souris, Otis M. Smith, and Adams, JJ., concurred.