**TOMITA *v.* TUCKER**

1. FALSE IMPRISONMENT—FALSE ARREST—WARRANT—ENTRAPMENT—
   DIRECTED VERDICT.
   Directed verdict for plaintiffs on the issue of liability for false
   arrest and false imprisonment *held,* error, where the complaint
   against plaintiffs for selling alcoholic beverages without a
   license and the warrant issued for their arrest were valid on
   their face and the criminal charge against plaintiffs was dis-
   missed on the basis of entrapment (CL 1948, § 436.1 *et seq.,*
   as amended).

2. INTOXICATING LIQUORS—CRIMINAL LAW—SALES—LICENSE.
   Sale of alcoholic liquor by an unlicensed seller or his clerk or
   agent is a felony (CL 1948, § 436.1 *et seq.,* as amended).

3. MALICIOUS PROSECUTION—ELEMENTS.
   Essential elements in an action for malicious prosecution in-
   clude: (1) the fact of the alleged prosecution and that it has
   come to a legal termination in plaintiffs' favor; (2) lack of
   probable cause on the defendants' part to believe plaintiffs
   guilty of the offense charged when defendants initiated the
   prosecution; and (3) malice of the defendants.

4. MALICIOUS PROSECUTION—MALICE—PROBABLE CAUSE.
   Judgment for plaintiffs in action for malicious prosecution *held,*
   error, where the evidence introduced at trial failed to es-
   tablish that the defendant police officers acted from malicious
   motives or knowingly swore to false facts in their complaint,
   and where probable cause to prosecute was established, since
   the prosecutor authorized a warrant before the complaint
   was signed by one of the police officers.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 4] 32 Am Jur 2d, False Imprisonment § 5 *et seq.*
[2] 45 Am Jur 2d, Intoxicating Liquors § 233.
[5] 21 Am Jur 2d, Criminal Law §§ 143, 144.

5. Criminal Law—Entrapment.

Public policy precludes prosecution of a criminal charge in an entrapment situation, but before the defense of entrapment may successfully be invoked it must necessarily be assumed that the act charged as a public offense was committed.

Appeal from Ingham, Sam Street Hughes, J. Submitted Division 2 June 4, 1969, at Lansing. (Docket No. 6,201.) Decided July 31, 1969. Leave to appeal denied February 25, 1970. See 383 Mich 769.

Complaint by Sadako N. Tomita and Lawrence Ko Tomita against Dean Tucker, Maynard Markham and the City of East Lansing, a municipal corporation, for false arrest, false imprisonment and malicious prosecution. Judgment for plaintiffs. Defendants appeal. Reversed and remanded.

*Newman & Mackay,* for plaintiffs.

*Daniel C. Learned,* City Attorney, for defendants.

Before: Lesinski, C. J., and Quinn and Danhof, JJ.

Quinn, J. At the close of plaintiffs' proofs in their action for false arrest, false imprisonment and malicious prosecution, the trial judge granted plaintiffs' motion for directed verdict on the issue of liability. The jury returned a verdict for plaintiffs and judgment entered thereon. Defendants' motion for new trial was denied and they appeal.

Defendants Tucker and Markham are uniformed officers in the police department of the municipal defendant. April 23, 1964, the officers were assigned to investigate the operation of a business out of a home without a license. The home involved was the home of plaintiffs. When the uniformed officers

called at the home for the investigatory purpose, Lawrence Ko Tomita was not there. Sadako N. Tomita, his wife, informed the officers that a business was conducted out of the home, and she permitted them to see it. The business was in the basement and consisted of Japanese foods and some sake, an alcoholic beverage. On the instruction of a superior officer, defendant Tucker purchased a bottle of sake from Mrs. Tomita.

April 24, 1964, after conferring with the officers, the prosecuting attorney's office authorized a warrant for both plaintiffs on a charge of selling alcoholic beverages, to wit: one bottle of sake, without a license as required by statute.[1] Defendant Tucker signed a complaint for this offense and a municipal judge of East Lansing issued a warrant for the arrest of plaintiffs on this charge. Through their attorney, plaintiffs appeared voluntarily before the municipal judge, stood mute, posted bail and were released. On Lawrence K. Tomita's motion at preliminary examination June 29, 1964, the charge against him was dismissed. Sadako N. Tomita was bound over to circuit court where her motion for dismissal was granted on the basis of entrapment. This action for false arrest, false imprisonment and malicious prosecution was instituted thereafter.

At trial, defendants offered in evidence the deposition of Lawrence Ko Tomita. Objection to its admission was sustained but it is before this Court on a separate record. The deposition should have been admitted. *Ruhala* v. *Roby* (1967), 379 Mich 102. In that deposition, Mr. Tomita testified that he had a business in his home for which he had a Michigan sales tax license in his name. He testified he sold some sake and that he had no license to sell it. He

---

[1] MCLA §§ 436.1, 436.17, 436.32, 436.50 (Stat Ann 1957 Rev §§ 18.971, 18.1003, 18.1021; 1969 Cum Supp § 18.988).

further testified that in his absence, his wife ran the business.

Under the provisions of CL 1948, § 436.1 *et seq.*, as amended (Stat Ann 1957 Rev § 18.971 *et seq.*, as amended), sale of alcoholic liquor is authorized if the seller is licensed. No person, his clerk or agent shall sell such products unless the provisions of the act are complied with, CL 1948, § 436.32 (Stat Ann 1957 Rev § 18.1003). CL 1948, § 436.50 (Stat Ann 1957 Rev § 18.1021) makes it a felony for a person to do an act for which a license is required without first obtaining a license.

The complaint against plaintiffs and the warrant issued for their arrest were valid on their face. This being true, there could be no action for false arrest or false imprisonment. *Tryon* v. *Pingree* (1897), 112 Mich 338; *Gooch* v. *Wachowiak* (1958), 352 Mich 347. Instead of directing a verdict for plaintiffs on these issues, the trial court should have directed a verdict for defendants.

Essential elements in an action for malicious prosecution include: (1) the fact of the alleged prosecution and that it has come to a legal termination in plaintiffs' favor; (2) lack of probable cause on the defendants' part to believe plaintiffs guilty of the offense charged when defendants initiated the prosecution; and (3) malice of the defendants. *Modla* v. *Miller* (1955), 344 Mich 21; *Drobczyk* v. *Great Lakes Steel Corporation* (1962), 367 Mich 318. Defendant officers in good faith fully and fairly stated all material facts within their knowledge to the prosecuting attorney. There is no evidence in this record to establish that the officers acted from malicious motives or knowingly swore to false facts in their complaint. The prosecutor authorized a warrant before defendant Tucker signed a complaint. Thus, probable cause also was estab-

lished and bars plaintiffs' right to recover, *Modla,* *supra.*

In addition, the criminal charge against Sadako N. Tomita was dismissed on the basis of entrapment. To invoke the defense of entrapment it must necessarily be assumed that the act charged as a public offense was committed. 61 ALR2d 677, *People* v. *Murn* (1922), 220 Mich 555. In entrapment situations, public policy precludes prosecution of the charge. *People* v. *Mitchell* (1941), 298 Mich 172. By his testimony on deposition and under the provisions of CL 1948, § 436.32, *supra,* Lawrence K. Tomita was in the same position as Sadako N. Tomita. The trial court should have charged as a matter of law that the officers had probable cause to prosecute plaintiffs.

Absent the lack of probable cause, there is no evidence in this record to establish that the officers acted from malicious motives.

At trial and here, plaintiffs have relied strongly on *Donovan* v. *Guy* (1956), 347 Mich 457. We find that reliance misplaced. In *Donovan,* plaintiff was arrested without a warrant on one charge and tried on another. The Supreme Court held the illegal arrest could not be justified on the basis of a subsequent charge and conviction for another offense. In the case at bar, plaintiffs were arrested on a warrant charging a specific offense which was never changed.

After verdict, defendants moved for judgment notwithstanding the verdict. It should have been granted. On appeal, defendants pray that this Court direct the trial court to enter judgment for defendants.

Reversed and remanded for entry of judgment in favor of defendants, who shall recover their costs.

All concurred.